THOMAS J. ALLEN, (ALSO KNOWN AS J.T. ALLEN) v. JUSTON MORGAN AND WIFE, BESSIE MORGAN, HAZEL O. BURCH HENRY AND HUSBAND, DONALD HENRY, AND JOSEPH W. MITCHELL AND WIFE, COLLEEN B. MITCHELL

No. 7929DC1137

(Filed 16 September 1980)

Adverse Possession § 25.2– lappage – color of title – fitting deed description to land
    The trial court erred in determining that defendants established adverse possession under color of title to the land claimed by them where the disputed area was a lappage; plaintiffs made a *prima facie* showing of senior title; and defendants introduced into evidence the deed they claimed as color of title but failed to offer proof fitting the description in the deed to the land it allegedly covered and establishing the required adverse possession within those lines.

APPEAL by plaintiff from *Guice, Judge.* Judgment entered 4 May 1979, District Court, TRANSYLVANIA County. Heard in the Court of Appeals in Waynesville 26 August 1980.

Plaintiff instituted this action for the purpose of removing cloud on his title caused by defendants' claim to a portion of plaintiff's property. Defendants Morgan answered admitting that they claimed a portion of the property described in the complaint under a deed from J. O. White recorded in Book 96 at page 182, Transylvania County Registry, and on their con-

tinuous open, notorious, and adverse possession of the property described in that deed from and after delivery of the deed in 1948, "under known and visible boundaries conforming with the description in their deed." A copy of the quitclaim deed under which they claim was attached to their answer. By Exhibits 1-6 and 8 and 9, and testimony with respect thereto, plaintiffs established a connected chain of title to a grant from the State to plaintiff's predecessors in title. Defendants stipulated that William Leonard is an expert in the field of land survey.

Mr. Leonard testified that he had surveyed plaintiff's land and that plaintiff's Exhibit 7, admitted without objection, was a plat of that survey. He further testified that when he was surveying the property he found a fence across a portion of the property. The fence was made of three strands of barbed wire with wooden fence posts supporting it. There were two residences to the north of the fence, and there were indications that someone was using the property north of the fence. In his opinion the two residences were on the plaintiff's property. The area claimed by defendant Juston Morgan runs about 600 feet north of the fence, and the bearing along the south line in the deed under which defendants Morgan claim follows the bearing of the fence very well.

Three witnesses testified for defendants. Defendant Bessie Morgan testified that she and defendant Juston Morgan bought the property described in defendant's Exhibit 4 (deed under which they claim) in 1942 but did not get a deed until 1948, when they finished paying for it. They paid taxes back to 1927 and have kept the taxes paid since they received the deed. The fence was not there when they bought the property. They used the east side of the property, using it for crops, pasture, and cutting firewood for their own use. She testified that she could not read a map and could not point out the area they used.

Ernest Morgan, her oldest son, testified that he was familiar with the property described in Exhibit 4, that the fence was there when they bought it, that they raised corn, potatoes, beans, and cabbage on the land on the north side of the creek. He had no knowledge with respect to who occupied the buildings Mr. Leonard observed on the property.

Roy Aiken testified that he lives within 300 yards of the Morgan property and had hunted on the property, never asked permission, and thought he was on the Morgan property. He testified that he knew the lines of the Morgan property but could not relate any of the Juston Morgan corners to the map.

The court found facts and concluded that "because the defendant Morgan possessed the land described in D-4 for more than twenty years, under the circumstances described above, as to them and those holding through them, the plaintiff is barred by G.S. 1-38 and G.S. 1-40 from sustaining this action as to the property described inD-4." The plaintiff's action was, therefore, dismissed with prejudice, and plaintiff appealed.

*Ramsey, Smart, Ramsey and Hunt, by John K. Smart, Jr., for plaintiff appellant.*

*Ramsey, White and Cilley, by Robert S. Cilley, for defendant appellee.*

MORRIS, Chief Judge.

As in *Allen v. Petit,* filed this day, the sole question presented is whether the trial court committed error in entering judgment for defendants based on his finding that they had established adverse possession under color of title to the lands claimed by them.

Plaintiff offered a connected chain of title back to a grant from the State. This constituted a *prima facie* showing of senior title and, nothing else appearing, established his right to judgment in his favor. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889).

Defendants presented evidence of a quitclaim deed to property claimed by them. The deed contained a metes and bounds description. The surveyor, by stipulation characterized as a expert in land surveys, testified that the map introduced in evidence accurately represented plaintiff's property.

Here the disputed area is a lappage, and plaintiff has shown senior title. "When a junior grant incorporates a portion of a senior grant it is not necessary for the junior grantee claiming title by seven years adverse possession under color to show that the boundaries of the lappage were visible on the ground. (Citations omitted.) The claimant, however, must establish the required adverse possession within those lines. Here the lines of the lappage must be located from the calls in defendant's deed, the only instrument which defines them." *Price v. Tomrich Corp.*, 275 N.C. 385, 394, 167 S.E. 2d 766, 772 (1969).

Defendants, having introduced into evidence the deed they intended to use as color of title, were required to fit by proof the description contained in that deed to the land it allegedly covered "in accordance with appropriate law relating to course and distance and natural objects called for as the case may be", *Trust Co. v. Miller*, 243 N.C. 1, 7, 89 S.E. 2d 765, 769 (1955), and then establish, if they could, the required adverse possession within those lines. These requirements defendants did not meet, and judgment in their favor was, therefore, erroneously entered.

Reversed.

Judges CLARK and MARTIN (Harry C.) concur.