EDNA B. HARRIS v. WILLIAM S. WALDEN AND WIFE, MARY SUE WALDEN

No. 8325SC1213

(Filed 2 October 1984)

**Quieting Title § 2.2— showing of marketable title—adverse possession not shown**

In an action to quiet title the trial court erred in denying plaintiff's motion for partial summary judgment and in finding sufficient evidence of adverse possession under seven years color of title to divest plaintiff of any title to the lands involved where plaintiff's evidence, which included (1) an affidavit of a land surveyor establishing plaintiff's record ownership and containing a metes and bounds description of the property and (2) a showing of an unbroken chain of title to the property in dispute back to 1925, established a marketable title as provided in G.S. 47B-2(a), and plaintiff thereby presented prima facie evidence that she owned the property described in her record chain of title; moreover, defendants' answer which raised the affirmative defense of adverse possession under color of title was not verified, and defendants failed to support their contentions of adverse possession by the factual showing required under G.S. 1A-1, Rule 56.

APPEAL by plaintiff from *Grist, Judge*, on denial of her motion for partial summary judgment and from judgment entered by *Saunders, Judge*. Judgment entered 9 May 1983 in Superior Court, BURKE County. Heard in the Court of Appeals 31 August 1984.

In her original action plaintiff sought to quiet title to a portion of her property on which existed a lappage in a deed under

which defendants claimed title, and to recover damages sustained by plaintiff arising out of the cutting of timber by the defendants. The defendants filed an unverified answer denying plaintiff's title together with a defense and counterclaim alleging title acquired by adverse possession. On her motion for summary judgment on the issue of ownership, plaintiff offered into evidence her pleadings, copies of deeds in her chain of title attached thereto as exhibits, the affidavit of Milton U. Viggers, a land surveyor, and the depositions of another land surveyor, Ronnie Childres, and the defendant, William S. Walden.

In their answer to plaintiff's motion for summary judgment, defendants offered their unverified answer and the depositions of record. Judge Grist entered judgment denying plaintiff's motion for partial summary judgment, and the case proceeded to trial. The trial judge, sitting as a jury, found sufficient evidence of adverse possession under seven years color of title to divest plaintiff of any title to the lands involved and entered judgment for defendants. Plaintiff appeals.

*Simpson, Aycock, Beyer and Simpson, P.A., by Samuel E. Aycock and Michael Doran, for plaintiff appellant.*

*McMurray and McMurray, by Martha McMurray and John H. McMurray, for defendant appellees.*

HILL, Judge.

The question presented by this appeal is whether the evidence offered by plaintiff was sufficient to make out a prima facie case entitling her to summary judgment. Upon motion a summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). The burden is upon the movant to establish the absence of any issue of fact, and once satisfied, the opposing party must come forward with facts, rather than mere allegations, which negate the moving party's case. *Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980); *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S.

1A-1, Rule 56(e); *Kidd v. Early*, 289 N.C. 343, 365, 222 S.E. 2d 392, 407 (1976).

Applying these principles to the facts of this case, we hold that plaintiff was entitled to judgment as a matter of law on the issue of ownership of the disputed land. Plaintiff's forecast of the evidence includes (1) an affidavit of a land surveyor establishing plaintiff's record ownership and containing a metes and bounds description of the property, and (2) the tracing of an unbroken chain of title to the property in dispute back to 1925, a period in excess of 30 years. Therefore, plaintiff established a marketable title as provided in G.S. 47B-2(a). In so doing plaintiff presented prima facie evidence that she owns the property described in her record chain of title, G.S. 47B-2(d), and, nothing else appearing, established her right to judgment in her favor. *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889); *Allen v. Morgan*, 48 N.C. App. 706, 269 S.E. 2d 753 (1980).

Although defendants raise the affirmative defense of adverse possession under color of title in their answer to plaintiff's complaint, this answer is not verified. Defendants came forward with no evidence or rebuttal to plaintiff's motion for summary judgment in which plaintiff established a prima facie case of superior title. Defendants fail to support their contentions of adverse possession by the factual showing required to oppose plaintiff's affidavit under Rule 56. Moreover, plaintiff's evidence is not inherently incredible, self-contradictory, nor susceptible to conflicting inferences. See *Stanley v. Walker*, 55 N.C. App. 377, 285 S.E. 2d 297 (1982). Accordingly, under the law of summary judgment it was incumbent on the trial judge to grant partial summary judgment on the ownership of the land in dispute in plaintiff's favor. Plaintiff had tendered a forecast of uncontradicted evidence of ownership of the tract of land in controversy.

The decision of the trial judge is reversed and the case is remanded to the superior court of Burke County for entry of partial summary judgment as set out herein, and for trial on the issue of damages for timber cut within the area in controversy.

Reversed and remanded.

Judges BECTON and BRASWELL concur.