DORIS PREVETTE v. WILKES GENERAL HOSPITAL, INC.

No. 7723SC499

(Filed 1 August 1978)

**Negligence § 54— invitee at hospital—fall on ramp—contributory negligence**

　　In an action to recover for injuries received when plaintiff slipped and fell on a concrete ramp leading from defendant hospital's emergency room, the trial court properly submitted an issue of plaintiff's contributory negligence to the jury where the evidence showed that such defects as may have existed in the ramp were all of a nature which should have been readily apparent to anyone who looked to see what was there to be seen; the evidence showed that plaintiff had used the ramp many times and had had the opportunity to be thoroughly familiar with it before her fall; and plaintiff testified that she "did not pay any attention to the ramp that day."

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 9 March 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 9 March 1978.

Plaintiff instituted this civil action to recover damages for bodily injuries she received on 24 June 1975 when she slipped and fell on a concrete ramp leading from defendant's emergency room. She alleged that the fall was caused by negligence of the defendant in constructing the ramp with an excessive incline, in failing to provide handrails of the proper length, in failing to construct and maintain a nonslip surface (all in violation of the State Building Code), in negligently maintaining the ramp by allowing the antiskid strips on the ramp to wear through, in failing to fill in a hole near the bottom of the ramp, in failing to warn invitees of hidden dangers or unsafe conditions of which defendant had knowledge or by the exercise of due care should have had knowledge, and in failing to make reasonable inspections of the ramp to assure that it was in a reasonably safe condition.

Defendant answered, denying negligence and pleading plaintiff's contributory negligence in failing to pay proper attention to the manner in which she was walking, in using the exit ramp for the emergency room rather than the exit provided for the general public, and in using the ramp when she was familiar with its condition.

At trial before a jury, plaintiff presented evidence to show that on 24 June 1975 she went with her eight-year-old son to

Wilkes General Hospital to visit her mother, who was a patient in the hospital. She entered the hospital by the emergency room entrance and left the hospital by the same route. A concrete ramp led down from the emergency room entrance to the asphalt paved parking lot. The top of this ramp was seventeen inches higher than the ground level at the lower end of the ramp, and the ramp was fourteen feet, six inches long. There were handrails on each side of the ramp, but these did not extend for the full length of the ramp, so that at its lower end the ramp extended approximately two and one-half feet beyond the handrails. There were nonskid, abrasive strips attached across the ramp, but these were worn smooth. As plaintiff walked down the ramp, her foot started sliding when she was about two-thirds of the way down. Her foot then hit into something at the end of the ramp, causing her to fall. She had been holding to the handrail, but the rail did not extend to the end of the ramp. When she fell, she did not know what she had hit at the bottom of the ramp. However, after falling she looked back and observed "a little busted up place" at the bottom of the ramp which was "about six or eight inches long," with gravel lying around in it. The hole was "about half an inch deep, it wasn't much." The black strips across the ramp were worn out about three-fourths of the way down, and when plaintiff reached the spot where the black strips were worn out, she started to slide. Plaintiff first testified that the accident occurred at approximately 3:00 p.m., but she later testified on cross-examination that "[w]hen I fell it was in the evening and was dark but the emergency room area was lit."

On cross-examination plaintiff testified that from January to March 1975 "she was in and out of the hospital all of the time" to see her father, who died in April, and that after his death she visited her mother at the hospital; that "the only way [she] would go in was in the emergency room," although she "used the main entrance of the hospital once in a long while"; that she had been on this ramp "about a hundred times" prior to her fall; and that on the day she fell she had used this ramp to enter the hospital to visit her mother. She also testified that she "did not pay any attention to the ramp that day," that she had "never paid much attention to the surface of the ramp," that "[t]here was really no reason for [her] to pay any attention to it," and that "[t]here was no reason [she] couldn't look down and see the ramp," "[i]t is just

that when you are walking, you can't always pay attention because you can't look down all the time."

Defendant's evidence showed that the ramp was seven feet, eight inches wide, and the hole at the bottom of the ramp was five to six inches long, two inches wide, and a quarter-inch deep.

The court submitted issues of negligence and contributory negligence, both of which were answered in the affirmative. From judgment on the verdict, plaintiff appeals, assigning as error the submission of the issue of contributory negligence.

*Moore & Willardson by Larry S. Moore and John S. Willardson for plaintiff appellant.*

*Mitchell, Teele & Blackwell by H. Dockery Teele, Jr., for defendant appellee.*

PARKER, Judge.

The sole question presented by this appeal is whether the court erred in submitting the issue of contributory negligence to the jury. We find no error and accordingly affirm.

In determining the sufficiency of the evidence to justify the submission of an issue of contributory negligence to the jury, we must consider the evidence in the light most favorable to the defendant and disregard that which is favorable to the plaintiff. *Boyd v. Wilson*, 269 N.C. 728, 153 S.E. 2d 484 (1967); *Wilson v. Camp*, 249 N.C. 754, 107 S.E. 2d 743 (1959); 9 Strong's N.C. Index 3d, Negligence § 34. "If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to plaintiff and others to the defendant, it is a case for the jury to determine." *Bell v. Maxwell*, 246 N.C. 257, 261-62, 98 S.E. 2d 33, 36 (1957).

The evidence in the present case discloses that such defects as may have existed in the ramp were all of a nature which should have been readily apparent to anyone who looked to see what was there to be seen. The evidence also shows that plaintiff had used the ramp many times and had had the opportunity to be thoroughly familiar with it before her fall. "Slight depressions, unevenness and irregularities in outdoor walkways, sidewalks and streets are so common that their presence is to be anticipated by

prudent persons." *Evans v. Batten*, 262 N.C. 601, 602, 138 S.E. 2d 213, 214 (1964). Plaintiff, as an invitee, had the duty to see that which could be seen in the exercise of ordinary prudence, and to use reasonable care to protect herself. *Brady v. Coach Co.*, 2 N.C. App. 174, 162 S.E. 2d 514 (1968). Plaintiff testified that she "did not pay any attention to the ramp that day." This evidence, if it did not compel, was clearly sufficient to support a jury finding that plaintiff's own negligence was a proximate cause of her injuries. Plaintiff may not justly complain that the jury was permitted to make that finding.

No error.

Judges VAUGHN and WEBB concur.