SUSANNE JACOBSON v. J. C. PENNEY COMPANY, INC.

No. 7810SC414

(Filed 3 April 1979)

**Negligence § 48— entrance to store—fall—no negligence of defendant**

    In an action to recover for personal injury sustained by plaintiff when she slipped and fell because of defendant's alleged negligence in failing to maintain the entrance to its store in a safe condition, the trial court properly granted defendant's motion for summary judgment where defendant showed that plaintiff could not recover based upon her allegations that defendant allowed water or other foreign substances to accumulate on the floor, that defendant failed to provide adequate lighting at the entrance, that defendant failed to maintain a handrail along the ramp leading into the store, that the presence of the ramp at the entrance to the store was a breach of defendant's duty of care, or that defendant maintained a metal strip along the bottom edge of the ramp.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 29 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 7 February 1979.

The plaintiff, Susanne Jacobson, instituted this action by filing a complaint in which she alleged that the defendant, J. C. Penney Co., Inc., negligently failed to maintain the entrance to its North Hills Shopping Center store in Raleigh in a safe condition and thereby caused the plaintiff to slip and fall and to suffer personal injury. Upon the pleadings, a deposition of the plaintiff, an affidavit of the plaintiff, an affidavit of one of the defendant's employees and the arguments of counsel, the trial court granted the defendant's motion for summary judgment. From summary judgment in favor of the defendant, the plaintiff appealed.

In her deposition, the plaintiff indicated that she drove her car to North Hills Shopping Center in Raleigh on 8 May 1976 to do some shopping. It had been raining earlier that day, but the rain had subsided to a drizzle. After leaving her car, the plaintiff walked across an elevated walkway to the entrance of a store operated by the defendant. Upon reaching the entrance to the store, the plaintiff opened the first set of doors, took one or two steps across the carpeted vestibule, then pulled open one of the two inner doors. She then proceeded down a carpeted ramp within. When the plaintiff was just beyond the ramp, she "felt a sensation on my right heel . . . something very slippery. Something like it was oil or wax. But it was a feeling I have in my right heel through that shoe." The plaintiff lost her balance and began to fall. She reached out with her right hand and touched a sheer partition or wall covered with heavy paper which offered her no support. Shortly after her fall, the plaintiff was taken to Rex Hospital in Raleigh where it was discovered that she had a broken hip.

Additional facts pertinent to this appeal are hereinafter set forth.

*Emanuel and Thompson, by Robert L. Emanuel, for plaintiff appellant.*

*Maupin, Taylor & Ellis, P.A., by Thomas W. H. Alexander, for defendant appellee.*

MITCHELL, Judge.

The plaintiff's sole assignment of error is that the trial court erred in granting the defendant's motion for summary judgment. In order to be entitled to summary judgment in his favor, a claimant must show that there is no genuine issue as to any material fact concerning his entire claim or a defense thereto and that the material facts show as a matter of law that he is entitled to judgment on his claim. A defending party may show as a matter of law that he is entitled to summary judgment in his favor by showing that there is no genuine issue of material fact concerning one essential element of the claimant's claim for relief and that the claimant cannot prove the existence of that element. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Bank v. Evans*, 296 N.C. 374, 250 S.E. 2d 231 (1979); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). If the defending party shows that the claimant is unable to prove the existence of an element essential to his claim, the defending party is entitled to judgment as a matter of law, and it would be error not to grant his motion for summary judgment.

Until the defending party has established his right to judgment as a matter of law, the claimant is not required to present any evidence to support his claim for relief. However, once the defending party establishes his right to judgment as a matter of law, the claimant must present a forecast of the evidence which will be available for presentation at trial to support his claim for relief. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). If the claimant does not respond at that time with a forecast of evidence sufficient to show that the defending party is not entitled to judgment as a matter of law, then summary judgment should be entered in favor of the defending party.

A party may show that there is no genuine issue as to any material fact by showing that no facts are in dispute. If, however, there are facts in dispute, a party may show that they are not material by showing that they would not affect a determination of the claim for relief. Even if there is an issue as to a material fact, a party may show that it is not genuine by showing that the party with the burden of proof in the action will not be able to pre-

sent substantial evidence which would allow that issue to be resolved in his favor. *See Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Therefore, a party may show that there is no genuine issue as to a material fact by showing either that there are no facts in issue, or that the only facts in issue are not material, or that an issue as to a material fact cannot be resolved in favor of the party with the burden of proof by the presentation of substantial evidence.

In an effort to show that there was no genuine issue as to a material fact, the defendant in the present case introduced a deposition of the plaintiff and an affidavit of one of the defendant's employees. The plaintiff's deposition basically set forth the circumstances surrounding her accident. Neither party contested the facts as set forth in the deposition, except that the affidavit of the defendant's employee indicated that the plaintiff was several paces from the ramp when she fell while the deposition of the plaintiff indicated that she was "one or two feet from the ramp." In opposition to the deposition and affidavit presented by the defendant, the plaintiff presented her own affidavit which contained the same basic information set forth in her deposition.

The plaintiff alleged in her complaint that she was the defendant's business invitee. The defendant did not show otherwise and that fact was not in issue. Therefore, the defendant owed the plaintiff a duty to exercise ordinary care in maintaining the entrance and public areas of its business in a reasonably safe condition. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1978); *Dawson v. Light Co.*, 265 N.C. 691, 144 S.E. 2d 831 (1965); *Stoltz v. Hospital Authority*, 38 N.C. App. 103, 247 S.E. 2d 280 (1978).

By her complaint, the plaintiff alleged that the defendant breached its duty of care by allowing an accumulation of water and other foreign matter to remain upon the floor at the entrance of its store. The facts presented in the deposition taken of the plaintiff and not in issue showed that the plaintiff was looking where she was going at the time she fell, that she did not observe any foreign matter on the floor and that she did not recall seeing any water on the floor. The affidavit of the defendant's employee indicated that immediately after the plaintiff fell the only foreign substance on the floor was a few drops of water which had fallen

from the plaintiff's raincoat. The deposition taken of the plaintiff did indicate that at the time of her fall she "felt a sensation on my right heel . . . something very slippery. Something like it was oil or wax. But it was a feeling I have in my right heel through that shoe." This was, however, merely a conclusory statement concerning a sensation felt by the plaintiff and did not overcome the defendant's forecast of evidence which showed, both from the affidavit of the defendant's employee and the deposition taken of the plaintiff, that there was no water or foreign matter on the floor at the point of the plaintiff's fall. The defendant's forecast of evidence showed that the defendant had not permitted water or other foreign matter to accumulate at the time and place of the plaintiff's fall. Therefore, the defendant showed that the plaintiff could not recover on a claim based upon her allegation that the defendant allowed water or other foreign substances to accumulate on the floor.

The plaintiff also alleged that the defendant breached its duty of care by failing to provide adequate lighting at the entrance to its store. The undisputed facts as set forth in the deposition taken of the plaintiff indicate that there were "some dim lights" at the entrance of the defendant's store at the time the plaintiff fell. Additionally, the plaintiff stated that, "There was enough light to see the floor in front of me." She further stated that she was able to observe the floor in front of her and determined that there was no foreign substance present. This forecast of evidence by the defendant was sufficient to show that there was sufficient lighting at the entrance of the store to allow the plaintiff to enter in safety.

Even should it be assumed that there was insufficient lighting in the entrance to the store, this forecast of evidence by the defendant was sufficient to establish that such insufficient lighting was not the proximate cause of the plaintiff's injury, as her fall was not caused by her inability to see where she was going or her inability to determine that the floor was clear of foreign substances. *Cf. Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979) (evidence providing inference of both breach of duty and proximate cause). For this reason also, the defendant presented evidence sufficient to show that the plaintiff could not prevail at trial on a claim for relief based upon the defendant's failure to provide adequate lighting.

The plaintiff further alleged that the defendant breached its duty of care by failing to provide a handrail along the ramp at the entrance to the store. The undisputed facts as set forth in the defendant's forecast of evidence indicate that the plaintiff was beyond the bottom of the ramp and on the level floor beyond at the time of her fall. Absent extraordinary circumstances not presented by this case, the defendant's duty to maintain its business in a reasonably safe condition for the benefit of business invitees did not require the defendant to maintain a handrail for the benefit of those crossing a level floor. As the defendant has shown that the plaintiff fell on the level floor beyond the ramp, a handrail along the ramp would not have aided the plaintiff in preventing her fall, and the absence of a handrail clearly was not the proximate cause of her injury. Thus, the defendant showed that the plaintiff could not recover on a claim based upon negligent failure to maintain a handrail along the ramp.

The plaintiff further alleged that the defendant breached its duty of care by having a ramp at the entrance to its store. The plaintiff made the following statements in the deposition concerning the ramp:

> The fall was on the floor and not actually on the ramp. I just came down the ramp. I was one or two feet from the ramp. It was just immediately after I came off the ramp. I had taken no more than two steps from the end of the ramp onto the floor when I experienced this slipping sensation with my right heel.

The plaintiff's own account of the accident clearly indicates that she was not on the ramp when she fell. Any issue as to whether she was several steps beyond the ramp or one or two feet from the ramp is immaterial, since her account of the fall indicates that she was past the ramp when she fell and that the ramp did not cause her fall. The defendant's forecast of evidence showed that the plaintiff could not prevail on her claim for relief based upon the presence of a ramp at the entrance to the defendant's store.

Finally, the plaintiff alleged that the defendant breached its duty of care as there was a metal strip along the bottom edge of the ramp. The defendant's forecast of evidence clearly showed that the metal strip was not the cause of the plaintiff's fall and that the plaintiff could not prevail on this claim for relief.

As a general rule, issues of negligence are not susceptible of summary adjudication. Since the rule of the prudent man or other applicable standard of care must be applied, summary judgment is appropriate only in exceptional negligence cases and ordinarily the jury should apply the applicable test under appropriate instructions from the court. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975); *Shapiro v. Motor Co.*, 38 N.C. App. 658, 248 S.E. 2d 868 (1978). In the present case, however, the defendant's forecast of evidence established its lack of negligence and entitled it to judgment as a matter of law. The plaintiff's forecast of evidence was not sufficient to forestall the defendant's entitlement to such judgment in its favor. When presented with this situation, the trial court was required to grant the defendant's motion and to enter summary judgment in its favor. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Gaskill v. A. and P. Tea Co.*, 6 N.C. App. 690, 171 S.E. 2d 95 (1969).

The trial court's entry of summary judgment in favor of the defendant is hereby

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.