JAMES M. ROBERTS, Plaintiff v. ROGER BUFFALOE, T/A BUFFALOE'S NEW AND USED CARS AND DONALD W. ROBERTSON, Defendants v. JAMES L. KENNEDY AND JAMES W. DURHAM, A/K/A "WHITEY" DURHAM, Partners T/A KENNEDY MOTOR SALES, Third-Party Defendants

No. 785DC1097

(Filed 16 October 1979)

Automobiles § 6.5— odometer changed—directed verdict for seller improper—no punitive damages

Where plaintiff alleged that defendant car dealer sold him a car with an odometer reading of 32,821 miles but knew that the true mileage was in excess of 77,000 miles, the trial court erred in directing verdict for defendant where

plaintiff's evidence tended to show that defendant knew that the odometer had been replaced but failed to affix the notice required by G.S. 20-346; the evidence also tended to show that defendant failed to deliver to plaintiff the statements concerning unknown mileage and alterations to the odometer reading required by G.S. 20-347(a)(5) and (6); and if such evidence was believed, it should have been determined by the jury whether defendant's violations of the requirements of the statute were made with the intent to defraud. However, even if the jury found for plaintiff, his prayer for punitive damages could not be sustained, since G.S. 20-348(a)(1) limits the liability imposed to three times the amount of actual damages or $1500, whichever is greater.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 13 July 1978 in District Court, NEW HANOVER County.

Plaintiff filed a complaint seeking relief in the amount of $6,000 as treble damages, punitive damages in the amount of $10,000, costs and attorneys fees. He alleged that Roger Buffaloe and Donald W. Robertson sold him a 1974 Cadillac and represented that the odometer reading of 32,821 miles was accurate when defendants knew that the true mileage was in excess of 77,000 miles.

Buffaloe and Robertson answered, admitting that the vehicle was sold to the plaintiff through Buffaloe's business and that Robertson was an employee of the business at the time. They alleged, however, that the sale and false representation was by another employee, and that they had no knowledge of the falsity. Defendants alleged that they had relied upon representations made to them by the third-party defendants (Kennedy and Durham), and any altering of the odometer had been done by Kennedy and Durham without the knowledge of Buffaloe and Robertson.

James Durham testified that he was in the wholesale automobile business with Kennedy in January of 1977 and bought the Cadillac for the business. The vehicle had fire and smoke damage. Durham replaced the dashboard and odometer with used equipment showing about thirty thousand miles. The original odometer showed approximately seventy thousand miles. Ray Williams worked as the sales manager for Bufflaoe in January, 1977. Durham offered to sell the Cadillac to Williams and told him about the replaced dashboard and the incorrect mileage. Williams purchased the vehicle by writing a draft on the Buffaloe account. In Buffaloe's presence, Durham mentioned that the mileage shown

on the vehicle was not correct. Durham and Williams told Buffaloe about it several times. Durham prepared an odometer mileage statement indicating that 45,000 miles had been removed from the odometer and he gave that statement along with the bill of sale to Kennedy for processing.

James Kennedy testified that he processed the documents received both from Durham and from the people from whom Kennedy purchased the vehicle. Kennedy and Buffaloe agreed to alter their original purchasing agreement and the steps they followed were such that Kennedy could not say whether Buffaloe had ever examined the odometer statement.

Plaintiff testified that he negotiated with Williams concerning purchase of the Cadillac and that both Williams and Buffaloe told him that the mileage shown was correct. He further testified that he dealt with Robertson after sale had been agreed upon with Williams, but he and Robertson had never discussed the mileage. The disclosure statement he was given at the time of the transfer contained an odometer reading of 32,821.

Defendant Robertson testified that he was present when Durham first offered to sell the car to Williams, representing that the car had low mileage. Robertson stated that at the time of the transfer of the vehicle to the plaintiff, Robertson had no idea that the vehicle had actually traveled 77,000 miles. Buffaloe testified that Durham had represented to him that the Cadillac was a nice car and that the mileage was quite low, thirty-two or thirty-three thousand miles, and he had no knowledge to the contrary until after the sale to plaintiff. As soon as he learned of the incorrect mileage, he went to plaintiff and offered to rescind the sale. He told plaintiff that he would do almost anything to satisfy him. Plaintiff wanted to keep the car but would not even discuss what it would take to satisfy him.

At the close of the evidence Buffaloe and Robertson moved for a directed verdict. Plaintiff appeals from the order allowing those motions.

*Crossley & Johnson, by Robert W. Johnson, for plaintiff appellant.*

*No appearance on behalf of defendants.*

VAUGHN, Judge.

The court should not have directed a verdict in favor of defendant Buffaloe.

A section of the Vehicle Mileage Act requires that if an odometer is replaced, it must either reflect the correct mileage or a statement must be affixed to the left door frame specifying the mileage prior to replacement and the date of replacement. G.S. 20-346. The same act requires that the transferor of a motor vehicle deliver to the transferee:

"(5) A statement that the mileage is unknown if the transferor knows the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error;

(6) A statement describing each known alteration of the odometer reading, including date, person making the alteration, and approximate number of miles removed by the alteration . . . ." G.S. 20-347(a)(5) and (6).

A private civil action is provided against one who "with intent to defraud" violates any of the requirements of the Vehicle Mileage Act. G.S. 20-348. The liability imposed is an amount equal to the sum of:

"(1) Three times the amount of actual damages sustained or one thousand five hundred dollars ($1,500), whichever is the greater; and

(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." G.S. 20-348(a)(1) and (2).

Plaintiff's evidence, if believed, tends to show that Buffaloe knew that the odometer had been replaced but failed to affix the notice required by G.S. 20-346. It also tends to show that he failed to deliver to plaintiff the statements required by G.S. 20-347(a)(5) and (6). If that evidence is believed, it must then be determined whether defendants' violations of the requirements of the statute were made with the intent to defraud. The weight to be given to

---

the testimony and the inferences to be drawn from the evidence are matters for the jury, however, and not for the court.

Even if the jury answers the liability issue in favor of plaintiff, however, his prayer for punitive damages cannot be sustained. Such rights as he might have had in this regard in the common law have now been supplanted by legislation with regard to the particular fraud in question. Plaintiff's recovery, if any, will be the greater of three times his actual damages or $1500.00, costs and reasonable attorneys fees as determined by the court.

The evidence was insufficient to take the case against Robertson to the jury, and the directed verdict in his favor is affirmed.

The judgment as to Buffaloe is reversed, and the case is remanded.

The judgment in favor of Robertson is affirmed.

Judges ERWIN and HILL concur.