JAMES DUFFER AND GERALDINE SEARS DUFFER v. ROYAL DODGE, INC.

No. 8012DC723

(Filed 3 March 1981)

1. **Appeal and Error § 68.2– dismissal of negligence claim – law of the case**

    The dismissal at the first trial of plaintiffs' claims for personal injuries and damages to their car based on negligence became the law of the case and binding upon the court at the second trial where plaintiffs did not bring forward or argue an assignment of error based upon the dismissal of their negligence claims in their appeal from the first trial, and the appellate court held that such assignment of error was abandoned by plaintiffs.

2. **Automobiles § 6.5– sale of automobile – incorrect odometer reading – action for damages – sufficiency of evidence**

    Plaintiffs' evidence was sufficient for the jury in an action to recover damages pursuant to the Vehicle Mileage Act, G.S. 20-340 *et seq.*, where it was sufficient to support findings by the jury that defendant dealer sold an automobile to the plaintiffs and furnished them, at the time of the sale, an odometer mileage statement which showed the automobile had been driven 1.4 miles, defendant knew the car had been driven more than 1.4 miles, and defendant failed to make a statement that the mileage was unknown. Furthermore, the prima facie rule established by the 1979 amendment to G.S.20-343 applied to plaintiffs' case, although the sale of the automobile occurred in 1976, and plaintiffs' evidence was sufficient to present to the jury the question whether defendant violated G.S. 20-343.

APPEAL by plaintiffs from *Cherry, Judge.* Judgment signed 27 February 1980 in District Court, CUMBERLAND County. Heard in the Court of Appeals 11 February 1981.

This is an action which arose out of the purchase of an automobile by the plaintiffs from the defendant. Plaintiffs alleged that the defendant sold an automobile to the plaintiffs and furnished them, at the time of the sale, an odometer mileage statement which showed the automobile had been driven 1.4 miles. Plaintiffs alleged this was a false statement which the defendant knew was false. Plaintiffs alleged that they bought the automobile relying on this false representation, which gave them a claim under the federal Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C.A. § 1989 (1974), and the state Vehicle Mileage Act, Article 15 of Chapter 20 of the General Statutes of North Carolina. Plaintiffs also alleged that defendant was negligent in furnishing them an automobile which had a defect in the steering mechanism, caus-

ing the vehicle to have an accident, damaging it, and proximately causing personal injury to the plaintiffs.

At the close of plaintiffs' evidence, the court directed a verdict against the plaintiffs, from which they appeal.

*Cooper, Davis & Eaglin, by James M. Cooper, for plaintiff appellants.*

*Rose, Thorp, Rand & Ray, by Ronald E. Winfrey, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] This is the second time this case has been tried and appealed. In the first trial, plaintiffs' claims for personal injuries and damages to their car based on negligence were dismissed at the close of plaintiffs' evidence. On appeal, plaintiffs did not bring forward or argue an assignment of error based upon the dismissal of their claims of negligence, and this Court held the assignment of error was abandoned by plaintiffs. The dismissal at the first trial thus became the law of the case on that issue, and it is res judicata and binding upon the court in the second trial. *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 210 S.E. 2d 181 (1974); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911, *cert. denied*, 287 N.C. 465 (1975). We hold the trial court did not err in dismissing plaintiffs' claims for damages based upon negligence.

[2] Next, we consider whether the court erred in dismissing plaintiffs' claim based on misrepresentation by defendant as to the odometer reading. On this issue plaintiffs' evidence showed that they bought a Dodge Dart car from defendant for a cash purchase price of $5,249.50. They soon discovered that the car engine was greasy and dirty and there were nicks or chips in the paint on the car. The testimony of Charles L. Tolar, a dealer in Plymouth, indicated that he had owned the car and sold it to a dealer in Aulander, North Carolina. The car was driven from Plymouth to Aulander, a distance of fifty-five miles. The defendant bought the car from the dealer in Aulander, with the understanding that the Aulander dealer would deliver the car to Kinston. An employee of the Aulander dealer drove the car to Kinston, a distance of about eighty miles. From there, defendant brought the car by truck to Fayetteville.

---

Duffer v. Dodge, Inc.

---

Defendant's salesman and agent, Emery Kiser, filled out the disclosure form indicating an odometer reading of 1.4 miles at the time of sale to plaintiffs and delivered a copy to them. Defendant could have indicated on the form that the actual mileage was unknown but did not do so.

Geraldine Duffer, who received the title to the car and the odometer disclosure form, testified that the car had a fair market value of about $3,900 to $4,000 at the time of the purchase.

On the motion for directed verdict, the evidence must be considered in the light most favorable to plaintiffs. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Harrington v. Collins*, 40 N.C. App. 530, 253 S.E. 2d 288, *aff'd*, 298 N.C. 535 (1979).

The statute in question requires:

Disclosure requirements. — (a) In connection with the transfer of a motor vehicle, the transferor shall deliver to the transferee ... a single written statement which contains the following:

(1)  The odometer reading at the time of the transfer;

. . . .

(5)  A statement that the mileage is unknown if the transferor knows the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error;

N.C. Gen. Stat. 20-347(a)(1),(5).

The federal cases interpreting the comparable federal statute, 15 U.S.C.A. § § 1981-1991, are instructive. In brief, they hold:

Where a dealer knew of falseness of odometer reading, or recklessly disregarded indications that the reading was false, it knowingly failed to provide statement that actual mileage of vehicle was unknown. *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381 (D. Neb. 1977), *aff'd*, 578 F. 2d 721 (8th Cir. 1978).

"Intent to defraud" in the statute does not require finding of "actual knowledge" of the false odometer reading. *Jones v. Fenton Ford, Inc.*, 427 F. Supp. 1328 (D. Conn. 1977).

The intent of the legislature is to impose an affirmative duty on dealers to detect odometer irregularities. *Id.*

Dealer has the duty to state that actual mileage is unknown, even if he lacks actual knowledge that the odometer is incorrect, where in exercise of reasonable care he would have reason to know that the odometer reading is incorrect. *Nieto v. Pence,* 578 F. 2d 640 (5th Cir. 1978).

*See also Kantorczyk v. New Stanton Auto Auction, Inc.,* 433 F. Supp. 889 (W.D. Pa. 1977); *Delay v. Hearn Ford,* 373 F. Supp. 791 (D.S.C. 1974); *Roberts v. Buffaloe,* 43 N.C. App. 368, 258 S.E. 2d 861 (1979).

The evidence is sufficient to support a finding by the jury that defendant knew the odometer reading of 1.4 miles was incorrect. It is uncontradicted that defendant failed to make a statement that the mileage was unknown.

Plaintiffs' evidence is also sufficient to present to the jury the question whether defendant violated section 343 of the act. That section makes it unlawful to disconnect, alter, or reset the odometer with the intent to change the number of miles indicated thereon. In 1979 the following amendment to the statute was enacted:

> Whenever evidence shall be presented in any court of the fact that an odometer has been reset or altered to change the number of miles indicated thereon, it shall be prima facie evidence in any court in the State of North Carolina that the resetting or alteration was made by the person, firm or corporation who held title or by law was required to hold title to the vehicle in which the reset or altered odometer was installed at the time of such resetting or alteration . . . .

N.C. Gen. Stat. 20-343, 1979 Supp.

The amendment is a procedural statute establishing a prima facie case upon the presentation of the required evidence. It does not alter the substantive law but is solely procedural, not affecting any vested rights of defendant. The Supreme Court in *Spencer v. Motor Co.,* 236 N.C. 239, 72 S.E. 2d 598 (1952), was concerned with the following statute:

Duffer v. Dodge, Inc.

" ... In all action *[sic]* to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be *prima facie* evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose." [N.C. Gen. Stat. 20-71.1.]

*Id.* at 245, 72 S.E. 2d at 603.

In holding that the statute was applicable retroactively, the Court stated:

In *Tabor v. Ward,* 83 N.C. 291, the Court declares that laws which change the rules of evidence relate to the remedy only, and are at all times subject to modification and control by the Legislature, and that changes thus made may be applicable to existing causes of action. And it is pertinently stated: "Retrospective laws would certainly be in violation of the spirit of the Constitution if they destroyed or impaired vested right," but that "one can have no vested right in a rule of evidence when he could have no such right in the remedy," and that "there is no such thing as a vested right in any particular remedy."

236 N.C. at 246, 72 S.E. 2d at 604. *See also Wood v. Stevens & Co.,* 297 N.C. 636, 256 S.E. 2d 692 (1979).

It is true that the statute contains criminal sanctions for its violation, and criminal statutes are to be strictly construed. Nevertheless, the statute also contains civil remedies and is here being applied in a civil case rather than a criminal proceeding. We hold the 1979 amendment is applicable to the case at bar. Furthermore, the evidence is sufficient to overcome the motion for directed verdict without the 1979 amendment.

The trial court's order dismissing plaintiffs' claim based upon the alleged violations of Article 15 of Chapter 20 of the General Statutes of North Carolina is

Reversed.

Judges CLARK and ARNOLD concur.