JAMES L. MILLER v. TRIANGLE VOLKSWAGEN, INC., PM DISTRIBUTORS, INC., D/B/A PHIL'S AUTO SALES, AND DONALD D. HARMON

No. 8114SC422

(Filed 2 February 1982)

1. **Automobiles § 6.5; Fraud § 12— sale of automobile—misrepresentation of mileage—sufficient evidence of fraud**

   Plaintiff's evidence on motion for summary judgment presented a material issue of fact for the jury on the issue of fraud by defendant car dealer in the sale of a used car to plaintiff where it tended to show that defendant sold a used car to plaintiff for $1600; plaintiff had told defendant's agent that he wanted a low mileage car; defendant represented that the car had been bought at an auction and was worth $1635 when in fact defendant had bought the car at a private sale for $850; defendant gave plaintiff an odometer statement indicating that the car had been driven approximately 24,000 miles when defendant knew that the actual mileage on the car was 124,000 miles; and plaintiff paid defendant $45 for an inspection and minor repairs which were not made.

2. **Conspiracy § 2.1— insufficient evidence of conspiracy**

   Summary judgment was properly entered for defendants in plaintiff's action to recover damages for conspiracy to violate federal and state odometer statutes, 15 U.S.C. § 1988 and G.S. 20-347, where plaintiff's forecast of evidence showed only that the first defendant represented that a car it sold plaintiff had been driven 24,000 miles when it knew that the car had been driven 124,000 miles and that the first defendant had purchased the car from the second defendant, and where the second defendant's forecast of evidence tended to show that its president had told the first defendant that the actual mileage on the car was over 124,000.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 19 January 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 December 1981.

Plaintiff sued defendants alleging violations of the federal and state odometer statutes, 15 U.S.C. § 1988 and N.C. Gen. Stat. § 20-340, *et seq.*, and common law fraud. The case arises out of the purchase by the plaintiff of a 1971 Monte Carlo automobile from the defendant Triangle Volkswagen on 26 May 1978. On 17

May 1978, the plaintiff, a Pennsylvania resident, contacted Triangle Volkswagen and spoke with defendant Donald Harmon. The plaintiff advised Mr. Harmon that he wished to purchase a late model Volkswagen bus and a mid-sized car for his wife costing less than $2000.00. Plaintiff had several more conversations with Mr. Harmon and was advised that there would be two Volkswagen vans for him to inspect at Triangle Volkswagen on 26 May 1978.

When the plaintiff arrived at Triangle Volkswagen, he was advised by Harmon that the vans had not arrived because of transportation problems. The plaintiff still wanted to purchase an older, mid-sized car with low mileage for his wife.

Plaintiff went to lunch and when he returned, the 1971 Monte Carlo had been brought to Triangle Volkswagen's used car lot. Defendant Harmon told plaintiff that he was familiar with the car, that it was a low mileage car, that the owner of the car, defendant Phil's Auto Sales, had outbid him by $50 for the car at an auction, Phil's bid being $1635.00, and that he would sell the car to plaintiff for $1600.00. The plaintiff agreed to purchase the car and defendant Harmon delivered to him an odometer statement indicating that the car had been driven approximately 24,000 miles.

Harmon agreed to clean up the car, perform a safety inspection, check the oil and grease the car for the sum of $45.00 before plaintiff accepted the car. The plaintiff's evidence tended to show that the tire pressure was too low, the lubrication was not done, and that the defroster and one taillight did not work.

In addition plaintiff's evidence tended to show that defendant Phil's bought the car at a private sale, not an auction, for $850.00, not $1635.00. At the time Triangle Volkswagen purchased the car from Phil's Auto Sales, the car had an actual mileage in excess of 124,000 miles.

The trial court granted summary judgment in favor of defendant Triangle Volkswagen with respect to defendant's claim alleging common law fraud and his claim alleging a conspiracy to violate the State and federal odometer statutes, from which plaintiff appealed.

*Richard N. Weintraub for the plaintiff-appellant.*

*Newsom, Graham, Hedrick, Murray, Bryson & Kennon by William P. Daniell for defendant-appellee, Triangle Volkswagen, Inc.*

MARTIN (Robert M.), Judge.

[1]  The plaintiff's first argument on appeal concerns the trial judge's granting of summary judgment in favor of defendant, Triangle Volkswagen, on plaintiff's allegation of common law fraud.

In order to prove that defendant was guilty of fraud the plaintiff at trial must prove: (1) that a defendant made a representation relating to some material fact; (2) that the representation was false; (3) that the defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the defendant made the representation with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff reasonably relied upon the misrepresentation and acted upon it; and (6) that the plaintiff suffered injury. *Odom v. Little Rock & I-85 Corp.*, 299 N.C. 86, 261 S.E. 2d 99 (1980).

In this case plaintiff presented evidence on each element of fraud sufficient to withstand a motion for summary judgment. Plaintiff's evidence tended to show that the defendant through its agent, Harmon, made the material representations to the plaintiff that the car was a low mileage vehicle, with a wholesale value of $1635.00 and that Triangle had performed a safety inspection and minor repairs on the car worth $45.00. Harmon gave to plaintiff an odometer statement which verified the mileage as approximately 24,000 miles.

The plaintiff further presented evidence that these representations were false and that defendant knew they were false or made them recklessly. Phil McLamb, in his deposition, stated that he told Harmon that the car had travelled approximately 124,000 miles, not 24,000 miles. Plaintiff also presented evidence that the automobile was worth less than $1635.00, and that the safety inspection and minor repairs were not performed by defendant.

Plaintiff's evidence tended to show that defendant made these misrepresentations with the intention that they should be

acted on by the plaintiff. The statements were made in a business context for the purpose of selling the car to plaintiff and the salesman Harmon took plaintiff's money on the basis of those representations.

The plaintiff purchased the automobile and drove it to Pennsylvania. This tends to show that plaintiff relied and acted upon defendant Harmon's representations.

Finally, the plaintiff's evidence indicates that he suffered injury. Defendant knew that plaintiff wanted a low mileage car. Plaintiff paid for a car that he believed had 24,000 miles, not 124,000 miles, and he paid for minor repairs and inspection of the car in the amount of $45. Plaintiff got less than he bargained for because of the misrepresentations about the car.

This case is similar to *Garland v. Penegar*, 235 N.C. 517, 70 S.E. 2d 486 (1952) in which the court held that evidence tending to show that a dealer represented a car to be in good condition and that it was a "new demonstrator" driven only 1,000 miles, but that in fact the car had been sold to a person who drove it 8,000 miles and then turned it back to the dealer, and that it was not in good condition, was sufficient for submission to the jury on the issue of actionable fraud and deceit in the sale of the car.

In a similar fraud case, *Roberts v. Buffaloe*, 43 N.C. App. 368, 258 S.E. 2d 861 (1979), the plaintiff alleged that defendant car dealer sold him a car with an odometer reading of 32,821 miles but knew that the true mileage was in excess of 77,000 miles. The Court held that the trial court erred in directing a verdict for defendant where plaintiff's evidence tended to show that defendant knew that the odometer had been replaced but failed to affix the notice required by N.C. Gen. Stat. § 20-346. The evidence also tended to show that defendant failed to deliver to plaintiff the statements concerning unknown mileage and alterations to the odometer reading required by N.C. Gen. Stat. § 20-347(a)(5) and (6). If such evidence were believed, it should have been determined by the jury whether defendant's violations of the statute were made with the intent to defraud.

The trial court erred in granting summary judgment for the defendant. Principles applicable to summary judgment under Rule 56 are detailed in *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180

S.E. 2d 823 (1971). Our Supreme Court in *Yount v. Lowe*, 288 N.C. 90, 94, 215 S.E. 2d 563, 565-66 (1975) explained these principles as follows:

> The party moving for summary judgment under Rule 56 has the burden of "clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." 6 Moore's Federal Practice § 56.15[8], at 2439-40 (1974). The rule itself conditions rendition of summary judgment on a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c) (1969); *Kessing v. Mortgage Corp.*, supra.

In this case the defendant could not clearly establish the lack of any genuine issue of material fact. Consequently summary judgment on this issue was improvidently granted.

[2] In his remaining assignment of error, plaintiff alleges that the trial court erred in granting summary judgment for defendant on plaintiff's allegation of conspiracy. Plaintiff asserts that defendant Triangle Volkswagen, Inc., and defendant Phil's Auto Sales, did with the intent to defraud, conspire to violate 15 U.S.C. § 1988 and N.C. Gen. Stat. § 20-347.

In order to prevail on the question of conspiracy, the plaintiff must prove an agreement between two or more individuals to do an unlawful act, or to do a lawful act in an unlawful manner, resulting in injury inflicted by one or more of the conspirators pursuant to a common scheme. *Complex, Inc. v. Furst and Furst v. Camilco, Inc., and Camilco, Inc. v. Furst*, 43 N.C. App. 95, 258 S.E. 2d 379 (1979), *disc. rev. denied*, 299 N.C. 120, 261 S.E. 2d 923 (1980).

The undisputed testimony of Phil McLamb was that Don Harmon called him on May 26th to inquire about purchasing a used car. After some discussion, Phil McLamb told Don Harmon that he had a Monte Carlo available which had an odometer reading of 124,167 miles. He subsequently sold that car to Triangle Volkswagen for $1,065.00. If the plaintiff's conspiracy theory were well founded, he would have to demonstrate that Phil McLamb

and Triangle Volkswagen had conspired to sell him a car with an improper odometer reading. The sworn testimony of Phil McLamb is to the contrary, and the remaining portions of the record fail to demonstrate the existence of the conspiracy.

This case is controlled by *Jacobson v. Penney Co.*, 40 N.C. App. 551, 553, 253 S.E. 2d 293, 295, *disc. rev. denied*, 297 N.C. 454, 256 S.E. 2d 807 (1979), in which our Court stated the following rule:

> Until the defending party has established his right to judgment as a matter of law, the claimant is not required to present any evidence to support his claim for relief. However, once the defending party establishes his right to judgment as a matter of law, the claimant must present a forecast of the evidence which will be available for presentation at trial to support his claim for relief. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). If the claimant does not respond at that time with a forecast of evidence sufficient to show that the defending party is not entitled to judgment as a matter of law, then summary judgment should be entered in favor of the defending party.

Because of the plaintiff's failure to present additional evidence sufficient to support his allegation of conspiracy, summary judgment was properly granted by the trial judge.

For the foregoing reasons the judgment of the trial court is affirmed in part, and reversed in part.

Chief Judge MORRIS and Judge HEDRICK concur.