JANIE P. PULLEY, PLAINTIFF v. REX HOSPITAL, DEFENDANT

No. 8810SC1188

(Filed 15 August 1989)

**Negligence § 49— uneven sidewalk outside hospital—contributory negligence of plaintiff**

In an action by an invitee to recover for personal injuries which she sustained when she fell on the uneven sidewalk outside defendant hospital, the trial court properly granted summary judgment in favor of defendant where plaintiff testified that neither overhanging branches nor any other object obscured her view of the sidewalk; the section of the sidewalk where she fell was illuminated by canopy lights, ground lights, and pole lights around the driving circle; plaintiff admitted that, when she returned about two hours later to the spot where she fell, there was enough light to see the condition of the sidewalk; plaintiff admitted that she was not looking at the sidewalk and, had she been paying attention, she would have seen the unevenness; and defendant's evidence was uncontradicted that the sidewalk was properly constructed, that natural settlement of the soil beneath the concrete caused one of the sections to sink, and that this condition is common to sidewalks everywhere.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from *James H. Pou Bailey, Judge*. Judgment entered 6 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 11 May 1989.

*Kirk, Gay, Kirk, Gwynn & Howell, by Philip G. Kirk and Donna S. Stroud, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Susan K. Burkhart, for defendant-appellee.*

BECTON, Judge.

The question presented by this appeal is whether summary judgment on plaintiff's personal injury claim was properly entered in favor of defendant Rex Hospital. We hold that it was.

PULLEY v. REX HOSPITAL

[95 N.C. App. 89 (1989)]

I

The following facts are taken from the parties' pleadings, affidavits, and depositions.

At about 10:00 p.m. on 15 July 1984, plaintiff, Janie Pulley, a visitor at Rex Hospital, tripped and fell on the sidewalk outside the hospital's emergency room entrance. The fall occurred on an uneven part of the sidewalk where two sections of the sidewalk joined. One of the sections was, according to Ms. Pulley, two to three inches higher than the other. (A hospital representative contended that the difference was only one-half inch.)

Ms. Pulley brought suit against the hospital, alleging that her fall was caused by the unevenness of the sidewalk, inadequate lighting, and overhanging tree limbs which obscured her view of the sidewalk. She further alleged that by maintaining these conditions, Rex Hospital breached its duty to her as an invitee to keep the sidewalk area in a reasonably safe condition and to warn of hidden perils. The hospital alleged in defense that the premises were reasonably safe and that Ms. Pulley was contributorily negligent.

The trial judge granted summary judgment in favor of the hospital. Ms. Pulley appealed to this court.

II

Summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that no genuine issue of material fact exists and that any party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 56(c) (1983). Summary judgment is a drastic remedy and generally is inappropriate in negligence cases. See Frendlich v. Vaughan's Foods, 64 N.C. App. 332, 335, 307 S.E.2d 412, 414 (1983). However, summary judgment may be granted in a negligence case when the forecast of the evidence shows either that the defendant was not negligent, or that a complete defense to the claim exists as a matter of law. See, e.g., Sink v. Andrews, 81 N.C. App. 594, 596, 344 S.E.2d 831, 832 (1986); Jacobson v. J.C. Penney Co., Inc., 40 N.C. App. 551, 557, 253 S.E.2d 293, 297, disc. rev. denied, 297 N.C. 454, 256 S.E.2d 807 (1979).

To establish a prima facie case of negligence, Ms. Pulley must show that: (1) Rex Hospital owed her a duty of care; (2) the hospital breached that duty; (3) the breach was the actual and proximate

cause of her injury; and (4) her injury resulted in damages. *See Jacobs v. Hill's Food Stores, Inc.*, 88 N.C. App. 730, 732, 364 S.E.2d 692, 693 (1988). After reviewing the materials in the record on appeal, we conclude that Ms. Pulley was contributorily negligent and that the hospital breached no duty of care owed to her.

Ms. Pulley, as a visitor, was an "invitee" of Rex Hospital. A hospital, like any other business, owes its invitees the duty (1) to exercise ordinary care to maintain the premises in a safe condition, and (2) to warn of hidden dangers or unsafe conditions known to or discoverable by the hospital. *See Branks v. Kern*, 320 N.C. 621, 624, 359 S.E.2d 780, 782 (1987); *Stoltz v. Burton*, 69 N.C. App. 231, 234, 316 S.E.2d 646, 647 (1984). However, a hospital is not an insurer of an invitee's safety, and has "no duty to warn an invitee of a hazard obvious to any ordinarily intelligent person using [her] eyes in an ordinary manner, or one of which the [invitee] had equal or superior knowledge." *Branks*, 320 N.C. at 624, 359 S.E.2d at 782-83 (citing *Wrenn v. Hillcrest Convalescent Home, Inc.*, 270 N.C. 447, 448, 154 S.E.2d 483, 484 (1967)). Thus, an invitee is charged with a corresponding "duty to see that which could be seen in the exercise of ordinary prudence, and to use reasonable care to protect herself." *Prevette v. Wilkes Gen. Hosp.*, 37 N.C. App. 425, 428, 246 S.E.2d 91, 93 (1978).

Ms. Pulley's own account of the conditions surrounding her fall establish that she could not recover on her claim. First, Ms. Pulley testified at her deposition that the branches overhanging the sidewalk did not prevent her from looking at the sidewalk, and that she "had already passed the tree limb [and was walking upright] before [she] stumbled." She further stated that "nothing obscur[ed] her view of the sidewalk." Thus, it is clear that the condition of the tree adjoining the sidewalk was not a proximate cause of her injury. *Accord Jacobson*, 40 N.C. App. at 556, 253 S.E.2d at 296 (because plaintiff fell after walking off ramp at entrance of store, absence of handrail on ramp was not proximate cause of injury).

Second, Ms. Pulley testified at the deposition that the section of the sidewalk where she fell was illuminated by canopy lights, ground lights, and pole lights around the driving circle. She also admitted that when she returned two hours later to the spot where she fell, "there was enough light at this time [about midnight] to see the sidewalk condition." We are convinced by this testimony

and by our review of the photographic exhibits showing the lighting conditions as they existed at the time of the fall that the light was ample to allow Ms. Pulley to walk in safety. *Accord id.* at 555, 253 S.E.2d at 296 (lighting held to be sufficient since plaintiff admitted "there was enough light to see the floor in front of me").

Finally, Ms. Pulley, who had been on that section of sidewalk many times in the past, admitted that she was not looking at the sidewalk as she walked, and that "had [she] been focusing [her] full attention on the sidewalk, [she] would have seen the unevenness." Under these circumstances, we are constrained to hold that Ms. Pulley's own contributory negligence entitled Rex Hospital to judgment as a matter of law.

Our decision is in accord with *Prevette*, 37 N.C. App. 425, 246 S.E.2d 91, in which a hospital visitor was injured when she fell at a "busted up place" at the end of a ramp leading from the hospital's emergency room. The plaintiff admitted that she was not paying attention to the ramp as she walked. Noting that "such defects as may have existed in the ramp were all of a nature which should have been readily apparent to anyone who looked to see what was there to be seen," this court held that the evidence supported the conclusion that the plaintiff was contributorily negligent. *Id.* at 427-28, 246 S.E.2d at 92-93. *See also Little v. Wilson Oil Corp.*, 249 N.C. 773, 777, 107 S.E.2d 729, 731 (1959) (invitee should have seen concrete slab protruding almost two inches above sunken asphalt); *Houston v. City of Monroe*, 213 N.C. 788, 790-91, 197 S.E. 571, 572 (1938) (plaintiff could have seen two and one-half inch dip in crosswalk had she been looking); *Jacobs*, 88 N.C. App. at 733, 364 S.E.2d at 694 (plaintiff should have seen concrete block since walkway was adequately lit and nothing prevented her from seeing it); *Joyce v. City of High Point*, 30 N.C. App. 346, 350, 226 S.E.2d 856, 858 (1976) (plaintiff failed to observe two-inch difference in height of sidewalk slabs). *Cf. Kutz v. Koury Corp.*, 93 N.C. App. 300, 377 S.E.2d 811, 814 (1989) (hotel guest, injured when he slipped and fell in shower, was contributorily negligent because he failed to look in bathtub before getting in).

We note, in addition, that no evidence was presented to show "some special circumstance, such as poor construction of the [sidewalk], poor lighting, or a diversion of attention created by defendant" sufficient to constitute negligence by the hospital. *Frendlich*, 64 N.C. App. at 337, 307 S.E.2d at 415. Here, the side-

PULLEY v. REX HOSPITAL

[95 N.C. App. 89 (1989)]

walk was well lighted, and the view of it was unobstructed. The hospital's evidence was uncontradicted that the sidewalk was properly constructed, that natural settlement of the soil beneath the concrete caused one of the sections to sink, and, significantly, that this condition is common to sidewalks everywhere.

We agree with the view expressed in *Evans v. Batten* that "[s]light depressions, unevenness, and irregularities in outdoor walkways, sidewalks and streets are so common that their presence is to be anticipated by prudent persons." 262 N.C. 601, 602, 138 S.E.2d 213, 214 (1964). In our view, a requirement that sidewalks be maintained in perfect condition, devoid of even minor defects, would be overly burdensome if not impossible to comply with. *See Stoltz*, 69 N.C. App. at 235, 316 S.E.2d at 648. Sidewalks cannot be kept " 'free from all inequalities and from every possible obstruction . . . [such as] depressions or differences in grade, or a slight deviation from the original level of a walk due to the action of frost in the winter or spring. . . .' " *Houston*, 213 N.C. at 790, 197 S.E. at 572 (citation omitted).

In this case, we conclude that the unevenness of the sidewalk, from one-half to three inches in height, was not unreasonably dangerous under the circumstances and was not a hidden peril of which the hospital should have warned. We further conclude that there is no breach of duty to an invitee when, as here, a defect in a sidewalk is minor, the defect is one which could have been seen had the plaintiff been paying attention, and no special circumstances existed to make the condition unreasonably hazardous. *Accord Falatovich v. City of Clinton*, 259 N.C. 58, 60, 129 S.E.2d 598, 599 (1963) (no breach of duty in failing to correct "minor defect" in sidewalk consisting of hole ten inches by three inches, filled to sidewalk level with dirt, sand, and trash); *Bagwell v. Town of Brevard*, 256 N.C. 465, 466, 124 S.E.2d 129, 130 (1962) (no breach of duty in failing to correct "slight irregularity" consisting of one-inch difference in elevation between two sidewalk sections); *Little*, 249 N.C. at 777, 107 S.E.2d at 731 (no duty to warn invitee of concrete slab protruding one and three-fourths inches above sunken asphalt); *cf. Jacobs*, 88 N.C. App. at 733, 364 S.E.2d at 694 (no breach of duty since concrete block in walkway was obvious condition); *Stoltz*, 69 N.C. App. at 235, 316 S.E.2d at 648 (shopping center owner did not breach duty to invitee by maintaining sidewalk which gradually increased in height due to slope of land); *Frendlich*,

64 N.C. App. at 335, 307 S.E.2d at 413 (storekeeper breached no duty to invitee by maintaining second step down at street curb).

### III

On the record before this court, Rex Hospital was entitled to judgment as a matter of law. Accordingly, the order granting summary judgment is

Affirmed.

Judge LEWIS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion whether defendant was negligent and plaintiff was contributorily negligent are issues of fact for the jury and the summary judgment holding otherwise should be vacated.

The section of sidewalk plaintiff tripped on, according to her evidence, "approximately two to three inches higher" than the adjoining section (Rp 29), was no slight imperfection impossible to correct in my opinion, but a hazard that obviously could have been removed or minimized by the exercise of due care. Also of significance is that the sidewalk led to the emergency room — a place frequented not by idle strollers, but by persons urgently in need of medical care and those who accompany and visit them; persons who can reasonably be expected to be anxious, hurried, and preoccupied.

As to the contributory negligence issue the opinion does not state the evidence bearing thereon in the light most favorable to plaintiff. Though it states that Ms. Pulley "had been on that section of the sidewalk many times in the past," the evidence indicates this was the first time she had walked *to* the emergency room on it; as her testimony was that on prior visits to the hospital she had entered either through the main lobby or by riding to the emergency room entrance in a car or ambulance. (Rp 14). And not mentioned in the opinion is plaintiff's critical testimony that: As she was walking towards the entranceway *several people were leaving the hospital*, which caused her to move to the right side of the sidewalk and duck below some low, overhanging tree limbs; *after passing under the limbs she raised back up, took two steps,*

**PULLEY v. REX HOSPITAL**

[95 N.C. App. 89 (1989)]

*and tripped over the protruding section of sidewalk, at which time some of the people leaving the hospital had passed her* and *some were still approaching her on the sidewalk; immediately before she tripped she was looking in front at those people and not down at her feet.* (Rp 15-17). This testimony, when viewed in its most favorable light for the plaintiff, renders completely irrelevant the abstract legal principles quoted in the opinion and refutes the majority's conclusion that the overhanging tree limbs could not have proximately contributed to her fall and that the only cause was her inexcusable inattention. Obviously, the tree limbs, the approaching people, and plaintiff's ducking, looking, and tripping were all tied together in one brief instant and each could have been a factor in causing her injury, and no one can properly say as a matter of law that during that brief instant she should have looked at the sidewalk, rather than the people she was meeting. The law, of course, does not require pedestrians to constantly focus their eyes upon the streets and sidewalks they walk upon lest being deemed contributorily negligent as a matter of law. For the law is based upon the realities of life, one of which is that as they walk about people sometimes look at other people, at passing traffic, in store windows, at trees and birds, and even up at the sky. Thus, whether in looking away from the sidewalk while ducking under the tree limb and meeting other people on the sidewalk plaintiff was negligent is not a legal question, but a question of fact that can be answered only after considering that under our law, absent indications to the contrary, plaintiff had the right to act upon the assumption that defendant had not been and would not be negligent, and was therefore maintaining the sidewalk properly. *Chaffin v. Brame*, 233 N.C. 377, 64 S.E.2d 276 (1951).

Plaintiff's statement, quoted in the opinion—"If I had been focusing my full attention on the sidewalk, I would have seen the unevenness"—is without significance since immediately before then she said, "Had I been looking at the sidewalk as I was walking, I don't know whether or not I could have seen the unevenness." But assuming *arguendo* that she might have seen the defect if she had focused on it, she had no positive duty to focus on it and the issue is still the one of fact stated above.