JESSE O. BOWMAN v. THE TOWN OF GRANITE FALLS

No. 7425DC121

(Filed 17 April 1974)

1. **Appeal and Error § 41— record on appeal — chronological order**

    The proceedings of the trial court must be set forth in the record on appeal in the order of the time in which they occurred, and the processes, orders and documents in the record on appeal must follow each other in the order in which they were filed. Court of Appeals Rule 19.

2. **Municipal Corporations § 14— failure to keep streets in safe condition**

    Under G. S. 160A-296 a municipality may be held liable for negligent or wanton failure to keep its streets in proper repair and in a reasonably safe condition.

3. **Municipal Corporations § 14— liability for tree falling on car**

    In this action against a city to recover for damages to plaintiff's automobile when a tree allegedly under defendant's control fell on it, defendant's motion for directed verdict should have been allowed where the evidence showed that the tree was located in an area left by the land developer for street purposes but which had not been accepted by the city and that the city had no notice that the tree presented a hazard.

APPEAL by defendant from *Dale, District Judge,* at the 30 July 1973 Session of CALDWELL District Court.

Heard in the Court of Appeals 19 March 1974.

This is a civil action instituted to recover for damages to plaintiff's automobile when a tree, allegedly under the control of defendant, fell on plaintiff's automobile. Plaintiff's car was parked in his lower driveway on Woodlane Street in Granite Falls, North Carolina, directly across the street from the tree in question. The developer had left an area for street purposes; but the total width was not used, and the Town of Granite Falls had accepted and maintained the right of way for Woodlane Street only between the curbs. The tree was six to eight feet off the curb and on the side next to the property of Mr. John Cole. Plaintiff's evidence showed that Mr. Bowman and Mr. Cole mowed the grass up to the curb line and that the town did not do so, and the town had not accepted any part of the land where the tree stood. Mr. Bowman testified that his property line and that of Mr. Cole went down to the curb. Plaintiff's evidence also tended to show that neither he nor anyone else contemplated the tree's falling and that no one had notified the town that the

tree was a hazard. Mr. Bowman further testified that the tree had not rotted off at the base by virtue of any dirt which had been put around it. In his complaint, he had alleged that defendant, through its agents, had made certain improvements to Woodlane Street and in doing so, had filled in dirt around the tree causing it to die. From a judgment awarding the plaintiff $1,000.00, defendant appealed.

*West & Groome by Ted G. West for plaintiff appellee.*

*L. H. Wall and L. M. Abernathy for defendant appellant.*

CAMPBELL, Judge.

[1] Rule 19 of the Rules of Practice in the North Carolina Court of Appeals specifies that the proceedings of the trial court shall be set forth in the record on appeal in the order of the time in which they occurred, and the processes, orders, and documents in the record on appeal shall follow each other in the order in which they were filed. The record in the case at bar was not properly arranged. Nevertheless, we have decided to reach the merits.

Defendant assigns as error the denial by the trial court of its motion for directed verdict. The stated grounds of the motion were that governmental immunity existed and that plaintiff had failed to show that a hazard existed or that the town knew a hazard existed.

[2, 3] In the absence of a statutory provision to the contrary, a municipality may not ordinarily be held liable for torts committed in the performance of a governmental function. *Stone v. City of Fayetteville,* 3 N.C. App. 261, 164 S.E. 2d 542 (1968). Under G.S. 160A-296 a municipality may be held liable for negligent or wanton failure to keep its streets in proper repair and in a reasonably safe condition. *McClelland v. City of Concord,* 16 N.C. App. 136, 191 S.E. 2d 430 (1972). However, in the case at bar the tree was not located in the street or any part of Woodlane Street which the city had accepted. The tree was in the area left by the land developer for street purposes, but that part had not been accepted and was still private property over which the city had no control and to which it owed no duty. See *Taylor v. Hertford,* 253 N.C. 541, 117 S.E. 2d 469 (1960).

Furthermore, notice of the defect, actual or constructive, and a failure to act on the part of the municipality to remedy

the situation are prerequisites to recovery in an action involving a municipality. *Faw v. North Wilkesboro,* 253 N.C. 406, 117 S.E. 2d 14 (1960). *McClelland v. City of Concord, supra.* The plaintiff testified, " . . . I did not say anything to the street committee about the hickory tree being dead . . . . I had several conversations with them but nothing was ever said about the tree. I did not think the tree was as rotten as it was or I would not have parked there. . . . " The record is clear that the defendant had no actual notice that the tree presented a hazard to travel on Woodlane Street. The evidence clearly showed that no one living in the vicinity considered the tree to be a hazard. It would be unreasonable to hold that a municipality must discover a hazard on private property when residents of the immediate area had not done so.

We hold that the trial court erred in failing to grant the defendant's motion for directed verdict.

Reversed.

Judges MORRIS and VAUGHN concur.