DONALD L. STANLEY AND WIFE, KATHLEEN S. STANLEY v. LENEIR P. WALKER AND WIFE, CAROLYN W. WALKER

No. 8118SC418

(Filed 5 January 1982)

**Rules of Civil Procedure § 56.4— summary judgment—sufficiency of supporting material—opposing party**

> In an action upon a promissory note whereby plaintiffs sought to exercise their right to accelerate the note upon default and declare the remaining amount due, summary judgment was properly entered for plaintiffs where: (1) through their complaint and supporting affidavit, plaintiffs made out a prima facie case entitling them to judgment as a matter of law, (2) defendants raised the affirmative defense of payment in their answer, but did not verify it, (3) in their answer, defendants merely *alleged* they had a meritorious defense and would raise one issue of material fact, and (4) plaintiffs' evidence was not inherently incredible, self-contradictory, nor susceptible to conflicting inferences. G.S. 1A-1, Rule 56(e).

APPEAL by defendants from *Collier, Judge.* Order and judgment entered 27 January 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 December 1981.

On 2 May 1980 the defendants executed and delivered to the plaintiffs a promissory note for the principal sum of $11,417.65, with payment to be made in 184 monthly installments of principal and interest to be due on the first of each month. As part of the terms, the promissory note contained the following provision:

> In the event of default in payment of any installment of principal or interest hereof or default under the terms of any instrument securing this note, and if the default is not made good within fifteen (15) days, the holder may, without notice, declare the remainder of the debt at once due and payable.

Plaintiffs alleged in their complaint that the payment for November 1980 was not made by the first of the month, thereby placing defendants in default; that subsequently the plaintiffs did not receive any monies from the defendants within the fifteen-day period allowed for; that on 17 November 1980, plaintiffs exercised their right to accelerate the note and declared the remaining amount of $11,198.20 due and payable at once; and that defendants refused to pay the amount then due. Plaintiff Donald Lynn Stanley signed an affidavit to this effect.

In their answer to plaintiffs' motion for summary judgment, defendants stated that they "well and truly believe that they have a meritorious defense to the Complaint of the plaintiffs, and that there is or will be at least one (1) controverted genuine issue as to a material fact in this lawsuit." Defendants further filed an affidavit in which they stated that they were "personally aware of each and all of the things said in their Answer to Motion for Summary Judgment attached hereto."

From an order of summary judgment granted in favor of plaintiffs, defendants appeal.

*J. Bruce Morton for plaintiff appellees.*

*Hollowell, Silverstein & Brady, by Robert A. Brady, Everett E. Dodd, Jr. and William P. Harper, Jr., for defendant appellants.*

MARTIN (Harry C.), Judge.

We are afforded numerous cases interpreting and applying Rule 56 of the North Carolina Rules of Civil Procedure, which clearly established that on a motion for summary judgment, the question before the Court is whether the pleadings, discovery documents, and affidavits support a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Hotel Corp. v. Taylor* and *Fletcher v. Foremans, Inc.,* 301 N.C. 200, 271 S.E. 2d 54 (1980); *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979); *Nasco Equipment Co. v. Mason,* 291 N.C. 145, 229 S.E. 2d 278 (1976); *Kidd v. Earley,* 289 N.C. 343, 222 S.E. 2d 392 (1976); *Tucker v. Telephone Co.,* 50 N.C. App. 112, 272 S.E. 2d 911 (1980). The burden is upon the movant to establish the absence of any issue of fact, and once satisfied, the opposing party must come forward with facts, rather than mere allegations, which controvert the moving party's case. *Hotel Corp., supra; Moore, supra; Nasco, supra; Kidd, supra.* To avoid the possibility of any party's manufacturing facts to meet a motion for summary judgment, Rule 56(e) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Turning now to the record before us, we find that in their complaint and supporting affidavit, plaintiffs have made out a

prima facie case entitling them to judgment as a matter of law. Plaintiffs' forecast of the evidence includes possession of a validly executed note delivered to them, nonpayment of the November 1980 installment, and the exercise of their right to accelerate. Although defendants raise the affirmative defense of payment in their answer to plaintiffs' complaint, this answer is not verified. The mere allegation in their answer to the motion for summary judgment that they have a meritorious defense and will raise one issue of material fact is not sufficient to withstand a motion for summary judgment. Defendants fail to support their contentions by the factual showing required to oppose plaintiffs' affidavit under Rule 56. Moreover, defendants' affidavit falls short of the Rule 56(e) requirement in that it fails to verify these allegations, but merely states they are "aware" of them.

Defendants strongly urge us to adopt the reasoning in *Kidd v. Earley, supra*, at 367, 222 S.E. 2d at 408, which considered the question of "whether a party with the burden of proving a material fact is entitled to summary judgment when (1) he relies upon his own testimony, which is not inherently incredible and is neither self-contradictory nor susceptible to conflicting inferences, to establish that fact; and (2) the opposing party does not support the general denial of that fact in his pleadings by affidavits under Rule 56(e) or (f)." In *Kidd* the Court established the following rule:

> We hold that summary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

289 N.C. at 370, 222 S.E. 2d at 410.

Applying these principles to the facts of this case, we hold that the summary judgment for plaintiffs was proper. Plaintiffs' evidence is not inherently incredible, self-contradictory, nor susceptible to conflicting inferences. There are no gaps in the proof, and there is no standard that must be applied to the facts by a jury. There are only latent doubts as to the credibility of plaintiffs' affidavit stemming from the fact that they are

interested parties. Defendants have produced no contradictory affidavits, have pointed to no specific areas of impeachment or contradiction, and have offered no facts to support their allegations. *See Kidd, supra.* We find no "lurking issue" of credibility of sufficient import to justify affording defendants an opportunity to cross-examine witnesses and to require jury determination.

Affirmed.

Judges ARNOLD and WELLS concur.