PATRICIA MARY FRENDLICH v. VAUGHAN'S FOODS OF HENDERSON, INC.

No. 829SC800

(Filed 4 October 1983)

1. **Rules of Civil Procedure § 56— motion for summary judgment—question before the court**

    On a motion for summary judgment, the question before the court is whether the pleadings, discovery documents and affidavits, viewed in the light most favorable to the non-movant, support a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c).

2. **Rules of Civil Procedure § 56.2— motion for summary judgment—burden of proof**

    The party moving for summary judgment must show the lack of a genuine issue of material fact and that it is entitled to judgment as a matter of law, either by demonstrating the non-existence of an essential element of each claim or by presenting a defense to plaintiff's claims as a matter of law.

3. **Rules of Civil Procedure § 56.6— summary judgment in negligence cases**

    While summary judgment is generally not appropriate in negligence cases, it may be appropriate when it appears that there can be no recovery for plaintiff even if the facts as alleged by plaintiff are taken as true.

**4. Negligence § 48— entrances to store—duty of storekeeper**

   A storekeeper has a duty to exercise ordinary care to maintain the approaches and entrances to his store in a reasonably safe condition and to warn his customers of any hidden dangers or unsafe conditions of which he knows or in the exercise of reasonable care should have known, but a storekeeper is under no duty to warn his customers of a condition which is obvious.

**5. Negligence § 48— bi-level sidewalk in front of store—no negligence by store-owner**

   In an action to recover for injuries received when plaintiff patron fell after failing to see a second step down at the street curb while carrying two bags of groceries from defendant's store, defendant was not negligent in maintaining between the store entrance and the street a bi-level sidewalk containing one step four feet from the entrance and another step down at the street curb three feet from the step absent some special circumstance such as poor construction, poor lighting, or a diversion of attention created by defendant.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 9 March 1982 in Superior Court, VANCE County. Heard in the Court of Appeals 18 May 1983.

Plaintiff filed this action seeking to recover damages for injuries she sustained on 10 August 1976 when she fell after failing to see a second curb outside defendant's store. She alleged that defendant was negligent in maintaining a double curb at the entrance of its store and in failing to post signs or warnings instructing patrons of the danger presented by the double curb when it knew, or should have known, that the double curb would or could be unfamiliar to patrons or not readily visible to patrons carrying groceries from the store.

Defendant denied that it was negligent and alleged that the fall occurred on property owned by the City of Henderson which defendant had no duty to keep safe and that plaintiff was contributorily negligent in failing to see, through the exercise of ordinary care, the open and obvious condition of the double curb.

Defendant moved for summary judgment. At the hearing on the motion, the court had before it the pleadings and the depositions of plaintiff and her husband. Attached to the depositions were photographs and exhibits describing the scene of the accident. These materials tended to show the following: On 10 August 1976, plaintiff and her husband stopped at defendant store in the City of Henderson while returning to their New Jersey home from Florida. Plaintiff's husband let her out of the automobile

near the entrance to the store and then parked on the street directly in front of the entrance awaiting her return. Shortly thereafter, plaintiff emerged from the store carrying two bags of groceries.

Separating the entrance/exit of the store from the street was a bi-level sidewalk seven feet wide. Four feet from the store entrance was a step down which, due to the slope of the street, varied in height. Three feet from this step was the street curb.

Plaintiff observed and safely negotiated the first step leading to her car but fell and struck the car when she failed to see the step down from the curb onto the street. Plaintiff testified that she did not anticipate the second step, because she was unfamiliar with double steps since in New Jersey there were only single steps. When she looked down for the first step, she did not see the second step. As she approached the car she was looking straight ahead to the open car door. Visibility was clear that day and defendant had done nothing to divert her attention. Her eyesight was good.

From summary judgment for defendant, plaintiff appealed.

*Stainback, Ellis & Satterwhite, by Kermit W. Ellis, Jr., for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by D. James Jones, Jr., and Hight, Faulkner, Hight & Fleming, by Lee A. Faulkner, for defendant appellee.*

JOHNSON, Judge.

The question presented for review is whether summary judgment for defendant was proper. For the reasons that follow, we hold that it was.

[1] On a motion for summary judgment, the question before the Court is whether the pleadings, discovery documents and affidavits, viewed in the light most favorable to the non-movant, support a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Stanley v. Walker,* 55 N.C. App. 377, 285 S.E. 2d 297 (1982); *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970).

[2, 3] The moving party must show the lack of a genuine issue of material fact and that it is entitled to judgment as a matter of law, either by demonstrating the non-existence of an essential element of each claim or by presenting a defense to plaintiff's claims as a matter of law. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979); *Tolbert v. Tea Co.,* 22 N.C. App. 491, 206 S.E. 2d 816 (1974). If the material before the court at the summary judgment hearing would require a directed verdict for defendant at trial, defendant is entitled to summary judgment. *Whitaker v. Blackburn,* 47 N.C. App. 144, 266 S.E. 2d 763 (1980). While summary judgment is generally not appropriate in negligence cases, it may be appropriate when it appears that there can be no recovery for plaintiff even if the facts as alleged by plaintiff are taken as true. *Id.; Cox v. Haworth and Cox v. Haworth,* 54 N.C. App. 328, 283 S.E. 2d 392 (1981).

A *prima facie* case of negligence liability is alleged when a plaintiff shows that: defendant owed her a duty of care; defendant breached that duty; the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Southerland v. Kapp,* 59 N.C. App. 94, 295 S.E. 2d 602 (1982). Taking all the facts alleged by plaintiff as true, we conclude that defendant has shown that it has not breached any duty owed to plaintiff.

[4] The duty a storekeeper owes to his business invitees is well stated in *Garner v. Greyhound Corp.,* 250 N.C. 151, 108 S.E. 2d 461 (1959). A storekeeper has a duty to exercise ordinary care to maintain the approaches and entrances to his store in a reasonably safe condition and to warn his customers of any hidden dangers or unsafe conditions of which it knew or in the exercise of reasonable supervision should have known. A storekeeper is not an insurer of the safety of his customers, and is liable only for injuries resulting from negligence on his part. He is under no duty to warn his customers of a condition which is obvious.

We also find *Garner, supra,* to be particularly instructive because of its striking factual similarity to the case at bar. In front of defendant's gift shop was a sidewalk which sloped downward to the south. At the south end of the entryway, there was a six inch perpendicular drop-off to the sidewalk; in the middle a three inch drop-off; and at the north end the entryway and side-

walk were approximately flush. There was a downward slope from the doors toward the sidewalk. Upon exiting defendant's store, plaintiff fell when she failed to see the six inch drop-off. Plaintiff alleged that defendant was negligent in that defendant knew, or in the exercise of due care should have known, of the dangerous condition and failed to correct that condition. Plaintiff alleged that the entryway was dangerous and defective in that it sloped; it fell off vertically at the sidewalk at varying distances up to six inches; it had the appearance of going straight into the sidewalk, thus creating an optical illusion and camouflaged effect, and constituted a latent defect; no handrails or supports were provided; and no warnings were posted. The court rejected each of these allegations in holding that a motion for judgment of involuntary nonsuit should have been allowed. As the court stated:

> "The mere fact that a step up or down, or a flight of steps up or down, is maintained at the entrance or exit of a building is no evidence of negligence, if the step is in good repair and in plain view. . . . If the step is properly constructed, but poorly lighted, and by reason of this fact one entering the store sustains an injury, recovery may be had. On the other hand, if the step is properly constructed and well lighted so that it can be seen by one entering or leaving the store, by the exercise of reasonable care, then there is no liability."
>
> In the instant case, the weather was clear, the entryway was not crowded, only a few persons were passing on the sidewalk, and the plaintiff was not carrying bundles of merchandise. In the absence of some unusual condition, the mere fact that the entryway and sidewalk sloped, and that there was a drop-off of varying height at the sidewalk, did not constitute negligence. (Citation omitted.)

250 N.C. at 159, 108 S.E. 2d at 467. Because the step down was obvious, being in plain view in broad daylight, the defendant had no duty to warn or to provide handrails.

Similarly, in *Harrison v. Williams*, 260 N.C. 392, 132 S.E. 2d 869 (1963), the plaintiff fell when she failed to see a step down. The court held that the employment of steps is negligence only when by the step's character, location or surroundings, a reasonably prudent person would not be likely to expect a step or see it.

[5]   The mere existence of a condition which causes an injury is not negligence per se, and the occurrence of the injury does not raise a presumption of negligence. *Spell v. Contractors*, 261 N.C. 589, 135 S.E. 2d 544 (1964). Here, the mere presence of a double step is insufficient to constitute negligence, absent some special circumstance, such as poor construction of the step, poor lighting, or a diversion of attention created by defendant.

Plaintiff argues that a distinguishing factor between her case and the others cited is that she was carrying two bags of groceries. This distinction is not persuasive. In *Coleman v. Colonial Stores, Inc.*, 259 N.C. 241, 130 S.E. 2d 338 (1963), the plaintiff was carrying bags of groceries when he tripped over a four foot metal screen. In affirming a judgment of involuntary nonsuit, the court held that the defendant was under no duty to warn its customers of a condition which was obvious to any ordinarily intelligent person. The plaintiff's evidence plainly showed he failed to exercise ordinary care for his own safety.

Here, plaintiff's deposition testimony negates any contention that the bags obstructed her view. Mrs. Frendlich testified that she was looking straight ahead with her attention focused on the open car door when she fell. She stated that she fell because she did not anticipate a second step. She specifically looked for and safely negotiated the first step. Defendant did nothing to divert her attention. Indeed, her husband and family were the ones who had diverted her attention. There was no allegation or evidence that the bags of groceries prevented her from seeing the second step down, which was actually a street curb in plain view in broad daylight. If anything, Mrs. Frendlich's testimony shows that she was contributorily negligent.

Because our decision has mooted defendant's cross-assignment of error, we need not consider it.

The judgment of the trial court is

Affirmed.

Judges WHICHARD and EAGLES concur.