GLENNA SHATLEY STOLTZ v. ELVIN O. BURTON

No. 8321SC491

(Filed 19 June 1984)

1. **Rules of Civil Procedure § 56.6— summary judgment in negligence cases**

　　　While summary judgment is generally not appropriate in negligence cases, it is appropriate in cases in which it appears that the plaintiff cannot recover even if the facts as alleged by the plaintiff are true. G.S. 1A-1, Rule 56(c).

**2. Negligence § 53.8— duty of shopping center owner to patron**

A shopping center owner has a duty to exercise ordinary care to maintain the premises in a safe condition and to warn invitees of hidden dangers or unsafe conditions discoverable by the owner through reasonable inspection and supervision.

**3. Negligence § 49— State Building Code provision—inapplicability to sidewalk drop-off**

Provision of the State Building Code requiring stairway treads and risers not to exceed seven and three-fourths inches did not apply to the height of a drop-off from a shopping center sidewalk to the parking lot.

**4. Negligence § 49— increase in height of shopping center sidewalk—no negligence**

A shopping center owner was not negligent in constructing and maintaining a sidewalk encircling the building which, because of the natural slope of the land, gradually increased in height from the parking lot.

**5. Negligence § 49— variance in height of shopping center sidewalk—no hidden danger**

There was no hidden danger in varying the height of a shopping center concrete sidewalk from the black asphalt parking lot, and the shopping center owner was not under a duty to warn a patron of such obvious condition.

APPEAL by plaintiff from *William Z. Wood, Judge*. Judgment entered 25 February 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 March 1984.

*E. Vernon F. Glenn and David P. Shouvlin, for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by William Kearns Davis, for defendant appellee.*

BECTON, Judge.

I

We have been asked to decide whether the trial court erred in allowing the defendant's summary judgment motion in this negligent maintenance of property action. For the reasons that follow, we affirm.

II

Plaintiff, Glenna Shatley Stoltz, seeks to recover damages for injuries she sustained when she fell while leaving the defendant's, Elvin O. Burton's, premises, Oakwood Stratford Shopping Center.

Stoltz entered the shopping center only a few feet from the point where she sustained injuries upon leaving. Stoltz alleges (1) that the gradually sloping sidewalk and parking lot resulted in the dangerously and latently defective step where she was injured; (2) that Burton was negligent in constructing and maintaining this step; and (3) that Burton was negligent in failing to warn her of the hidden dangers presented by the step when he knew, or should have known, of the dangers.

Burton first denies any negligence, and secondly contends that Stoltz was contributorily negligent in failing to see, through the exercise of ordinary care, the obvious and unconcealed concrete sidewalk step leading to the black asphalt parking lot. Further, Burton argues that the variation in color and dimension should have put any reasonable person on notice of the step down. Visibility was clear that day; nothing obstructed Stoltz's view.

After considering testimony, affidavits, exhibits (photographs of the step construction and the slope of the parking lot), and depositions, the trial court granted Burton's motion for summary judgment. Stoltz appeals.

### III

[1]   On motions for summary judgment, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, must show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1983); *Stanley v. Walker*, 55 N.C. App. 377, 285 S.E. 2d 297 (1982). The moving party has the burden of establishing the absence of any triable issue of fact. *Brenner v. Little Red Schoolhouse, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981). While summary judgment is generally not appropriate in negligence cases, it is appropriate in cases in which it appears that the plaintiff cannot recover even if the facts as alleged by the plaintiff are true. *Frendlich v. Vaughan's Foods of Henderson, Inc.*, 64 N.C. App. 332, 307 S.E. 2d 412 (1983); *Cox v. Haworth*, 54 N.C. App. 328, 283 S.E. 2d 392 (1981).

A *prima facie* case of negligence requires proof that: the defendant had a duty of care; the defendant breached that duty;

the breach was the actual and proximate cause of plaintiff's injury; and damages resulted from the injury. *Frendlich.* Negligence is not presumed from the mere fact of injury.

[2]  An invitee is a person who visits premises at the owner's express or implied invitation for their mutual benefit. *Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E. 2d 583 (1981). A shopping center owner has a duty to exercise ordinary care to maintain the premises in a safe condition and to warn the invitee of hidden dangers or unsafe conditions, discoverable by the owner through reasonable inspection and supervision. *Green v. Wellons, Inc.*, 52 N.C. App. 529, 279 S.E. 2d 37 (1981); *see also Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981); *Husketh v. Convenient Systems, Inc.*, 295 N.C. 459, 245 S.E. 2d 507 (1978). But a shopping center owner is not an insurer, and is not required to warn invitees of obvious conditions. *See Hunt v. Montgomery Ward and Co., Inc.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). In the instant case, Burton owed Stoltz a store owner's duty of care. Stoltz was an invitee; she was present at the shopping center to purchase items from one of Burton's retail merchants.

[3]  Stoltz attempts to invoke the North Carolina State Building Code (1978) (Code) to establish Burton's negligence. We are not persuaded.

Stoltz relies specifically on Section 1115.3, the provision governing stairway construction, which requires that treads and risers not exceed seven and three-quarters inches. Since Stoltz stepped down at an area which exceeded seven and three-quarters inches, she alleges that Burton violated the Code by his failure to construct steps in conformity with the Code and, by so doing, was negligent *per se.* We disagree.

It is well established in North Carolina that a violation of a safety statute is negligence *per se. Ratliff v. Duke Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966). However, the Code specifically addresses stairway construction and means of egress, not "steps" as construed by Stoltz. "A 'means of egress' is a continuous and unobstructed path of travel from any point in a building or structure to a public way . . . ." N.C.S.B.C. § 1102. The Code defines the exit discharge portion of the "means of egress" to include "stairs, ramps, bridges, balconies, escalators, moving walks and other components of an exit discharge. . . ." N.C.S.B.C. § 1112.1

(d). It requires that all stairs not exceed seven and three-quarters inches. It makes no reference to drop-offs from sidewalks to parking lots.

[4] Burton's sidewalk is a part of the shopping center's foundation. This sidewalk encircles the building and provides a level base for the building on hilly terrain—the land slopes naturally downward. As a result, there is a gradual increase in the height of the sidewalk from one end of the building to the other. Building a level sidewalk was the only sure method of providing an even foundation for the shopping center, under the circumstances. It would be unjust and extremely burdensome to require such contracting owners to grade the entire tract of land, including the hilly parking lot, in an attempt to ensure a perfectly even drop-off from the sidewalk to the parking lot at all points. The varying height of the drop-off is a natural result of the particular tract, and Burton used proper care in constructing the sidewalk. Therefore, Burton was not negligent in the construction and maintenance of the sidewalk.

IV

[5] Stoltz argues that Burton was negligent in failing to warn her of the hidden dangers presented by the step. Because the evidence failed to show a hidden danger, we conclude that Burton did not breach his duty of care.

*Frendlich* controls the case *sub judice*. In *Frendlich,* plaintiff fell when she failed to see a second curb outside the defendant's store. Four feet from the store entrance was the first curb which, due to the slope of the street, varied in height. Plaintiff safely negotiated the first curb, but fell and struck a car when she failed to see the second curb at the street. Plaintiff testified that she was unfamiliar with the area and did not see the second curb because she was looking straight ahead. Plaintiff "alleged that defendant was negligent in maintaining a double curb at the entrance of its store and in failing to post signs or warning instructing patrons of the danger presented by the double curb when it knew, or should have known, that the double curb would or could be unfamiliar to patrons or not readily visible to patrons. . . ." *Frendlich,* 64 N.C. App. at 333, 307 S.E. 2d at 413. This Court rejected plaintiff's contentions and held that the defendant had no duty to warn plaintiff of the obvious condition since (1) the curb

was in plain view in broad daylight; (2) plaintiff's view was unobstructed; (3) defendant did nothing to distract plaintiff's attention; and (4) plaintiff simply failed to focus attention on the curb.

Our Supreme Court has also stated that " 'if [a] step is properly constructed and well lighted so that it can be seen by one entering or leaving the store, by the exercise of reasonable care, then there is no liability.' " *Garner v. Atlantic Greyhound Corp.*, 250 N.C. 151, 159, 108 S.E. 2d 461, 467 (1959) (quoting *Tyler v. F. W. Woolworth Co.*, 181 Wash. 125, 128, 41 P. 2d 1093, 1094 (1935) ). In *Garner*, the weather was clear, the entryway was not crowded, and only a few people were on the sidewalk. This Court decided that the slope of the entryway and sidewalk and the drop-off of varying height at the sidewalk did not alone constitute negligence. Further, because the step was obvious, being in plain view in broad daylight, the defendant had no duty to warn or to provide handrails.

In the case *sub judice*, Stoltz had a full and unobstructed view of the sidewalk "step" during broad daylight. She used the same sidewalk to enter and exit the shopping center, even though she entered a few feet from where she exited. In leaving the premises, Stoltz followed her shopping companion who had, only moments before, used the same step. Stoltz could have noticed her companion's height diminish as she stepped from the sidewalk. Instead, Stoltz looked straight ahead and fell from the sidewalk to the parking lot. Burton had no duty to warn Stoltz of the obvious condition. If anything, Stoltz behaved negligently by not exercising due care to protect herself.

V

We conclude that Stoltz has failed to show any negligence by Burton. The judgment of the trial court is

Affirmed.

Judges WEBB and EAGLES concur.