MINNIE J. JACOBS v. HILL'S FOOD STORES, INC.

No. 8713SC270

(Filed 16 February 1988)

Negligence § 58— fall in parking lot by store customer—contributory negligence

In an action to recover damages for injuries sustained by plaintiff when she fell over a concrete barrier located in a walkway leading from defendant's store to the parking lot, the trial court properly entered summary judgment for defendant where plaintiff's testimony established that she never saw the concrete block; she had traveled the same route where the walkway was located for a period of ten years; the parking lot and store were adequately lit and there was nothing to prevent her from seeing the concrete block at any time; and this evidence established that defendant did not breach any duty owed plaintiff and that plaintiff was negligent herself in failing to watch where she walked.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 14 October 1986 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 1 October 1987.

Plaintiff filed this action seeking to recover damages for injuries she sustained 21 November 1984 when she fell over a concrete barrier located in a walkway leading from defendant's store

to the parking lot. Plaintiff alleged that defendant was negligent in permitting a concrete barrier to be placed in a walkway without proper lighting when it knew or should have known that persons of advanced age and limited physical ability would use the walkway; and in failing to maintain the walkway in a safe condition and properly supervise the walkway to prevent its blockage by a concrete barrier.

Defendant denied that it was negligent and alleged that plaintiff was contributorily negligent in failing to see, through the exercise of ordinary care, the open and obvious condition of the concrete block.

Defendant moved for summary judgment. At the hearing on the motion, the court had before it the pleadings and the depositions of plaintiff. These materials tended to show the following: On 21 November 1984 plaintiff, who was 78 years of age, was driven by her daughter to defendant's grocery store in Lake Waccamaw to shop for groceries. At approximately 7:00 p.m., plaintiff exited the defendant's store after purchasing groceries. Plaintiff walked down the ramp accompanied by her sister-in-law and an employee of the defendant who was pushing a shopping cart containing the plaintiff's groceries. Plaintiff testified that she was to wait near the parking lot for her daughter to come pick her up, but she did not realize her daughter had already gone outside and was coming to get her, so she proceeded to walk on out and into the parking lot; that after she walked a short distance down the ramp, she stumped her foot on a concrete barrier and fell on the ground. She testified further that the concrete barrier was about ten feet long and one foot high, that she never saw or noticed the concrete barrier when she went in or out of the store, that the lights were on in front of the store and in the parking lot; that she shopped at the store a "couple of times a week" for the past ten years; and that she had exited the store the same way she had entered.

From summary judgment for defendant, plaintiff appealed.

*Lee, Meekins & Viets, by Fred C. Meekins, Jr., for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for defendant appellee.*

JOHNSON, Judge.

The question presented for review is whether the trial court erred in allowing defendant's summary judgment motion. For the reasons that follow we affirm.

On motions for summary judgment, the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, must show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. N.C. Gen. Stat. sec. 1A-1, Rule 56(c) (1983); *Stanley v. Walker*, 55 N.C. App. 377, 285 S.E. 2d 297 (1982). The moving party has the burden of establishing the absence of any triable issue of fact. *Brenner v. Little Red Schoolhouse, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981). While summary judgment is generally not appropriate in negligence cases, it may be appropriate when it appears that there can be no recovery for plaintiff even if the facts as alleged by plaintiff are taken as true. *Stoltz v. Burton*, 69 N.C. App. 231, 316 S.E. 2d 646 (1984); *Frendlich v. Vaughan's Foods of Henderson, Inc.*, 64 N.C. App. 332, 307 S.E. 2d 412 (1983).

A *prima facie* case of negligence liability is alleged when a plaintiff shows that defendant owed her a duty of care, defendant breached that duty, the breach was the actual and proximate cause of plaintiff's injury, and damages resulted from the injury. *Southerland v. Kapp*, 59 N.C. App. 94, 295 S.E. 2d 602 (1982). Taking all the facts alleged by plaintiff as true, we conclude that defendant has shown that it has not breached any duty owed to plaintiff.

Plaintiff had entered the defendant's place of business to purchase groceries from the defendant, and therefore occupied the status of an invitee of the defendant. *Morgan v. Great Atlantic & Pacific Tea Co.*, 266 N.C. 221, 145 S.E. 2d 877 (1966).

A storekeeper owes to his business invitees the duty to exercise ordinary care to maintain the approaches and entrances to his store in a reasonably safe condition and to warn his customers of any hidden dangers or unsafe condition of which it knew or in the exercise of reasonable supervision should have known. *Frendlich, supra.* A storekeeper is not an insurer of the safety of his customers and is liable only for injuries resulting from negli-

gence on his part. *Id.* He is under no duty to warn invitees of obvious dangers of which they have equal or superior knowledge. *Wrenn v. Hillcrest Convalescent Home, Inc.,* 270 N.C. 447, 154 S.E. 2d 483 (1967); *Stansfield v. Mahowsky,* 46 N.C. App. 829, 266 S.E. 2d 28, *cert. denied,* 301 N.C. 96 (1980).

In *Frendlich,* the plaintiff fell when she failed to see a second curb outside the defendant's store. Four feet from the store entrance was the first curb which, due to the slope of the street, varied in height. Plaintiff observed and safely negotiated the first curb, but fell and struck her car when she failed to see the second curb at the street. Plaintiff testified that she was unfamiliar with the area and did not see the second curb because she was looking straight ahead. Plaintiff contended that the defendant was negligent in maintaining a double curb at the entrance of the store and in failing to post signs or warnings which instructed patrons of the danger presented by the double curb. The plaintiff further contended that the double curb was not readily visible to patrons who carried groceries from the store.

This Court rejected plaintiff's contentions and held that the defendant had no duty to warn plaintiff of the obvious condition since (1) the curb was in plain view in broad daylight; (2) the plaintiff's view was unobstructed; (3) defendant did nothing to distract plaintiff's attention; and (4) plaintiff simply failed to focus attention on the curb.

In the case *sub judice,* plaintiff's testimony in the deposition established that she never saw the concrete block, that she had traveled the same route where the walkway was located for a period of ten years, that the parking lot and store were adequately lit and that there was nothing to prevent her from seeing the concrete block at any time. This evidence shows that the concrete block was an obvious condition and that plaintiff either knew or should have known of the location of the concrete block on the walkway. Defendant had no duty to warn plaintiff of an obvious condition. Thus, plaintiff's own evidence establishes that defendant did not breach any duty owed to plaintiff. Moreover, plaintiff's own testimony demonstrates her own negligence in failing to watch where she was walking.

On the record before this Court, there exists no genuine issue of material fact to be determined by the jury, and, based on

the evidence, defendant is entitled to judgment as a matter of law. Accordingly, the order below allowing defendant's motion for summary judgment was proper.

Affirmed.

Judges BECTON and PARKER concur.