STACEY LAVELLE, AND HUSBAND, ALLEN LAVELLE, PLAINTIFF-APPELLANTS V. DAVID B. SCHULTZ, AND WIFE, KAREN C. SCHULTZ; TOWN OF HOPE MILLS, A MUNICIPAL CORPORATION; AND UNITED REALTY OF FAYETTEVILLE, INC., A CORPORATION, DEFENDANT-APPELLEES

No. COA94-1316

(Filed 21 November 1995)

### 1. Highways, Streets, and Roads § 62 (NCI4th)— tree on private property—no duty of city to remove obstruction— summary judgment for city proper

In an action to recover for injuries resulting from an automobile accident, the trial court did not err in granting summary judgment for defendant city where plaintiff alleged that defendant was negligent in failing to keep its streets free from unnecessary obstructions, but the tree which allegedly obstructed plaintiff's view was located on defendants' private property over which defendant city had no duty to exercise control.

**Am Jur 2d, Highways, Streets, and Bridges §§ 460, 462.**

**Liability for injury or damage by tree or limb overhanging street or highway. 54 ALR2d 1195.**

**Governmental liability for failure to reduce vegetation obscuring view at railroad crossing or at street or highway intersection. 22 ALR4th 624.**

2. **Automobiles and Other Vehicles § 415 (NCI4th)— tree obstructing view—no proximate cause of accident—summary judgment for landowners proper**

In an action to recover for injuries sustained in an automobile accident, the trial court did not err in granting summary judgment for defendants who owned property at the intersection where the accident occurred and for defendant realty company which served as rental agent for the property where the evidence clearly demonstrated that the tree on defendants' property, even if obstructive in nature, was not a proximate cause of the accident.

**Am Jur 2d, Automobiles and Highway Traffic § 431.**

Appeal by plaintiff from an order filed 11 August 1994 by Judge Wiley F. Bowen in Cumberland County Superior Court. Heard in the Court of Appeals 29 August 1995.

*Mast, Morris, Schulz & Mast, by Charles D. Mast and George B. Mast, for plaintiff-appellants.*

*Walker, Barwick, Clark & Allen, L.L.P., by Jerry A. Allen, Jr., for defendant-appellees David B. Schultz and Karen C. Schultz.*

*Bailey & Dixon L.L.P., by Gary S. Parsons and Kenyann G. Brown, for defendant-appellee Town of Hope Mills.*

*Anderson, Broadfoot, Johnson, Pittman, Lawrence & Butler, by T. Alan Pittman, for defendant-appellee United Realty of Fayetteville, Inc.*

WALKER, Judge.

This action arises out of an accident that occurred on 23 April 1990 in the Town of Hope Mills, North Carolina (the Town) at the intersection of Spinner Road and Metric Drive. The accident involved two vehicles, one operated by the plaintiff, Stacey Lavelle, and the other operated by Judy Wagner. At the time of the accident, the defendants, David and Karen Schultz (the Schultzes), owned a house

LAVELLE v. SCHULTZ

[120 N.C. App. 857 (1995)]

at 5937 Spinner Road which was on the corner of the intersection where the accident occurred. The Schultzes rented the house to Jerry White through their rental agent, United Realty of Fayetteville, Inc. (United Realty).

At this time, Spinner Road and Metric Drive were public streets maintained by the Town. Located on the Schultzes' property at this intersection was a tree, a few feet outside of the right-of-way of the Town.

On the morning of the accident, the weather was clear and sunny. While taking her children to school, plaintiff stopped at the stop sign on Metric Drive, preparing to turn onto Spinner Road. Plaintiff testified that her view to the right on Spinner Road was obstructed by the Schultzes' tree. Plaintiff stated that as she pulled her vehicle forward past the stop sign in an effort to check for traffic, she was struck by Ms. Wagner's vehicle. In her deposition, plaintiff stated that Ms. Wagner was in plaintiff's lane of travel at the time of impact.

Ms. Wagner testified that as she was turning left onto Metric Drive the sun blinded her, causing her to make too sharp a turn, cross the center line, and strike plaintiff's car in plaintiff's lane of travel. Ms. Wagner also testified that the Schultzes' tree was not a factor in her inability to see the plaintiff's car at the time of the accident.

Plaintiff filed this action seeking to recover damages from defendants for injuries suffered as a result of the accident. All three defendants filed motions for summary judgment which were granted. Plaintiff argues that the trial court erred in granting summary judgment for all three defendants.

Pursuant to Rule 56, of the North Carolina Rules of Civil Procedure, a moving party is entitled to summary judgment if there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1990). Even though summary judgment is seldom appropriate in a negligence case, summary judgment may be granted in a negligence action where there are no genuine issues of material fact and the plaintiff fails to show one of the elements of negligence. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983). *See Rorrer v. Cooke*, 313 N.C. 338, 329 S.E.2d 355 (1985).

[1] In order to survive a motion for summary judgment, plaintiff must establish a prima facie case of negligence by showing: (1) that defendant failed to exercise proper care in the performance of a duty owed

plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances. *Talian v. City of Charlotte*, 98 N.C. App. 281, 283, 390 S.E.2d 737, 739 (1990), *aff'd per curiam*, 327 N.C. 629, 398 S.E.2d 330 (1990). *See Westbrook v. Cobb*, 105 N.C. App. 64, 411 S.E.2d 651 (1992). Plaintiff alleges that the Town was negligent in failing to keep its streets in proper repair, failing to keep its streets free from unnecessary obstructions, maintaining an alleged dangerous condition on its streets, and failing to reasonably inspect its streets.

At the time of plaintiff's accident, the Town was subject to N.C. Gen Stat. § 160A-296 which establishes a municipality's duty concerning streets:

A city shall have general authority and control over all public streets, sidewalks, alleys, bridges, and other ways of public passage within its corporate limits except to the extent that authority and control over certain streets and bridges is vested in the Board of Transportation. General authority and control includes but is not limited to:

(2) The duty to keep the public streets, sidewalks, alleys, and bridges open for travel and free from unnecessary obstructions.

N.C. Gen Stat. § 160A-296 (1994).

Plaintiff contends that this statute created an affirmative duty on the Town to keep the intersection of Spinner Road and Metric Drive free from unnecessary obstructions. In support of this argument plaintiff relies on *Cooper v. Town of Southern Pines*, 58 N.C. App. 170, 293 S.E.2d 235 (1982). In *Cooper*, the Town planted and maintained shrubbery in an area bordering both sides of the railroad tracks. Plaintiff testified that her view of the tracks was obstructed by the shrubbery. *Id.* at 174, 293 S.E.2d at 237. Under those facts, this Court held that the trial court erred in directing a verdict in favor of the defendants. *Id.* The Court noted that N.C. Gen. Stat. § 160A-296 specifically creates a duty to keep public streets free from obstructions. However, the facts in our case can clearly be distinguished from *Cooper*. Unlike *Cooper* where the Town planted and maintained the shrubbery which obstructed plaintiff's view of the tracks, in the present case, the tree was planted and maintained on private property.

The facts in our case more closely resemble those in *Bowman v. Town of Granite Falls*, 21 N.C. App. 333, 204 S.E.2d 239 (1974). In *Bowman*, the plaintiff sued the town for damages sustained to plaintiff's vehicle when a tree fell on it. The court held that the tree which fell on plaintiff's vehicle was on private property over which the city had no control and to which it owed no duty, and therefore the city was not liable under N.C. Gen. Stat. § 160A-296 for plaintiff's damages. *Id.* at 334, 204 S.E.2d at 240. Here, since the tree which plaintiff contends obstructed her view was located on the Schultzes' property, the Town had no duty to exercise control over this property and therefore owed no duty to the plaintiff.

[2] The plaintiff also argues that the trial court erred in granting summary judgment in favor of the Schultzes and United Realty. In her complaint, plaintiff contends that the Schultzes were negligent by creating, and allowing to remain, an obstruction on their property. As landowners, plaintiff argues that the Schultzes had a common law duty to prevent hazards to those traveling past their property. Furthermore, plaintiff argues that the Schultzes breached a statutory duty by failing to abide by Town Ordinance § 102.07 which prohibits obstructions to vision between the heights of three feet and fifteen feet within twenty feet of an intersection. Plaintiff also alleges that United Realty, as agent for the Schultzes, breached a duty by allowing an obstruction to remain on the Schultzes' property.

Assuming *arguendo*, that the defendants owed plaintiff a duty to remove the tree, if obstructive in nature, summary judgment was still appropriate because plaintiff's forecast of the evidence failed to show that defendants' negligence was a proximate cause of her damages.

Summary judgment may be properly granted where the alleged negligence of the defendant was not a proximate cause of the plaintiff's injury. *Rorrer v. Cooke*, 313 N.C at 335, 329 S.E.2d at 366. Proximate cause is a cause which in its natural and continuous sequence produced the plaintiff's injuries. *Kanoy v. Hinshaw*, 273 N.C. 418, 426, 160 S.E.2d 296, 302 (1968). The omission or failure to perform a duty cannot constitute a proximate cause of an accident unless performing the omitted act would have prevented the accident. *Wilson v. Camp*, 249 N.C. 754, 107 S.E.2d 743 (1959). In determining whether summary judgment is appropriate, the trial court should consider the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits" to determine

if there are genuine issues of material fact. *Meyer v. McCarley and Co.*, 288 N.C. 62, 67-68, 215 S.E.2d 583, 586 (1975).

Officer William D. Huff of the Hope Mills Police Department testified that, based on his investigation, the accident occurred because Ms. Wagner turned her vehicle into the Lavelle vehicle. He further testified that he did not consider the tree to be a contributing cause of the accident. Ms. Wagner corroborated this testimony in her deposition by admitting that the sun blinded her, that she cut the corner with her vehicle making the left turn and that her vehicle was in plaintiff's lane of travel at the time of impact.

Plaintiff's affidavit alleged in part that the "tree obstructed the vision of motorists traveling southwest on Metric Drive and trying to look right onto Spinner Road, as well as the vision of motorists traveling southeast on Spinner Road and trying to look left for cars approaching on Metric Drive" and "the tree was a significant cause of the collision." These statements are conclusory and fail to point to specific facts sufficient to support each element of negligence, particularly with regard to the issue of proximate cause. There is nothing in the record which establishes that the absence of the tree would have prevented this accident.

Here, the evidence clearly demonstrates that the tree on the Schultzes' property, even if obstructive in nature, was not a proximate cause of the accident. Therefore, a forecast of the plaintiff's evidence does not establish an issue of fact and fails to show that but for the defendants' alleged breach of duty the accident would not have occurred.

In sum, absent evidence of proximate cause, the trial court properly granted summary judgment in favor of each defendant.

Affirmed.

Judges COZORT and McGEE concur.