***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, reconsider the evidence or rehear the parties or their representatives, the Full Commission hereby affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based on the evidence presented, the Full Commission adopts the Findings of Fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff, Douglas Lee Husketh, Jr. (hereinafter "Husketh"), filed an Affidavit in this matter alleging an incorrect sentence, which constituted "violations of statutory provisions resulting in involuntary servitude, false imprisonment and violations of claimant's constitutional rights."
2. Defendant, North Carolina Department of Correction (hereinafter "NCDOC"), answered and moved to dismiss asserting that Husketh did not state a claim for negligence and that intentional acts and constitutional violations are outside the jurisdiction of the Tort Claims Act.
3. NCDOC filed a Motion for Summary Judgment asserting that Husketh's affidavit did not state a claim for relief for negligence and that the Industrial Commission does not have jurisdiction over claims based on constitutional violations.
4. Husketh filed a Motion in Opposition to NCDOC's Motion For Summary Judgment.
 ***********
Based on the foregoing Findings of Facts, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. "Pursuant to Rule 56, of the North Carolina Rules of Civil Procedure, a moving party is entitled to summary judgment if there are no genuine issues of material fact and the party is entitled to judgment as a matter of law." Lavelle v. Schultz, 120 N.C. App. 857,859, 463 S.E.2d 567, 569 (1995); N.C. Gen. Stat. § 1A-1, Rule 5(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.").
2. "While summary judgment is generally not appropriate in negligence cases, it is appropriate in cases in which it appears that the plaintiff cannot recover even if the facts as alleged by the plaintiff are true," Stoltz v. Burton, 69 N.C. App. 231, 233,316 S.E.2d 646, 647 (1984), or the plaintiff fails to show an element of negligence. Lavelle,120 N.C. App. at 859, 463 S.E.2d at 569.
3. NCDOC is entitled to summary judgment on the basis that the Industrial Commission does not have jurisdiction over claims based on constitutional violations.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. NCDOC's Motion for Summary Judgment is allowed and Husketh's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Husketh was permitted to suein forma pauperis.
This the ___ day of October 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER