***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the materials before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed an Affidavit alleging that on or about November 4, 1999, through the negligence of Judy H. Sills, defendant miscalculated plaintiff's sentence by failing to give him credit for time served. *Page 2 
2. Plaintiff's claim is based on allegations of negligence on the part of Judy Sills, who is the Manager for the Combined Records at the N.C. Department of Correction and as such, is a public official acting within her official capacities. The Records Section has been established by N.C. General Statutes and the Section's personnel perform a variety of governmental duties as related to state prison records.
3. Plaintiff alleges that Ms. Sills owed him a duty to properly credit and calculate the time plaintiff spent in custody. Plaintiff alleges that Ms. Sills improperly calculated plaintiff's sentence by not crediting him for the time in custody in connection with probation revocation proceedings.
4. Defendant filed a motion for summary judgment on several stated bases: (1) that Ms. Sills, the only named state employee, is entitled to public officials' immunity; (2) that plaintiff has failed to allege a duty on the part of the named negligent state employee, and (3) that plaintiff's Affidavit essentially alleged intentional tort and constitutional violations, over which the Industrial Commission does not have jurisdiction. Plaintiff has failed to respond to defendant's Motion.
5. The Full Commission finds that there are no allegations or evidence of malice and corruption in regard to Ms. Sills's actions in this matter.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. "Pursuant to Rule 56, of the North Carolina Rules of Civil Procedure, a moving party is entitled to summary judgment if there are no genuine issues of material fact and the party is entitled to judgment as a matter of law." Lavelle v. Schultz, 120 N.C. App. 857, 859,463 S.E.2d 567, 569 (1995).
4. "The moving party has the burden of establishing the absence of any triable issue of fact." Stoltz v. Burton, 69 N.C. App. 231, 233,316 S.E.2d 646, 647 (1984).
5. "While summary judgment is generally not appropriate in negligence cases, it is appropriate in cases in which it appears that the plaintiff cannot recover even if the facts as alleged by the plaintiff are true,"Burton, 69 N.C. App. at 233, 316 S.E.2d at 647, or the plaintiff fails to show an element of negligence. Schultz, 120 N.C. App. at 859,463 S.E.2d at 569.
6. "In order to survive a motion for summary judgment, plaintiff must establish a prima facie case of negligence by showing: (1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances." Schultz, 120 N.C. App. at 859-60, 463 S.E.2d at 569.
7. Based on the evidence contained in the above captioned file, Judy Sills, the Manager of the NCDOC Combined Records, is a public official acting within her official capacities. *Page 4 
8. As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability. Collins v. N.C. ParoleComm'n, 344 N.C. 179; 473 S.E.2d 1 (1996) (affirming Industrial Commission's dismissal of plaintiff's claim on the grounds that members of the Parole Commission and Secretary of Correction are public officials).
9. Since there are no allegations or evidence of malice and corruption in regard to Ms. Sills' actions in this matter, plaintiff's claim against defendant based on the negligence of Judy Sills is not allowed, as the State has not waived its immunity for negligence of public officials.
10. Plaintiff has also failed to show that Ms. Judy Sills, Manager for the Combined Records at the N.C. Department of Correction, owed a duty to plaintiff to give a credit for a term of reimprisonment. N.C. Gen. Stat. § 15A-1373(d)(2) cited by plaintiff to support his allegations of duty on the part of Ms. Judy Sills, recites the duties of the Post-Release Supervision and Parole Commission, rather than duties of the Combined Records Section.
11. There is no other allegation of legal duty contained in plaintiff's claim. The plaintiff has failed to show negligence on the part of Ms. Sills and cannot recover under the Tort Claims Act, even if his factual allegations of extended incarceration are true.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Defendant's motion for summary judgment is hereby granted.
2. Plaintiff's claim under the State Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
3. Each party shall bear its own costs.
This the 20th day of February 2007.
S/___________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1