***********
1. In February 2007, a Winston-Salem State University (WSSU) student, Ricky Mitchell, and a group that he created called RMEG, organized, promoted, and held a private party at the Red Rooster nightclub in Winston-Salem, North Carolina on February 22, 2007. The private event organized and promoted by Mr. Mitchell was not approved, endorsed, supported, or sponsored by Defendant.
2. The Red Rooster nightclub which is a private institution owned by a private individual and it is not located on Defendant's campus.
3. Mr. Mitchell entered into an agreement whereby he agreed to rent the Red Rooster nightclub and the owner agreed to lease the club to Mr. Mitchell. Defendant did not enter into any lease agreement, agree to pay any money for the lease, or pay any amount towards the lease of the Red Rooster for the event sponsored by Mr. Mitchell. As a part of the lease, the owner of Red Rooster was to provide security both inside and outside the club with the outside security being provided by off duty Forsyth County Sheriff's Deputies.
4. In the early morning hours of February 23, 2007, as the event was about to end, a number of fights broke out inside the club and spread to the outside. As a result of the fights, the Winston-Salem Police Department was called after gun shots were fired.
5. Sgt. Howard Plouff along with other Winston-Salem Police responded to the call for help at the Red Rooster. While investigating, Sgt. Plouff was shot and killed by Keith Carter. *Page 3 
6. Plaintiff has alleged that negligence on the part of employees of Defendant was the cause of Sgt. Plouff's death.
7. There are no relevant facts in dispute.
8. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Under the provisions of the Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
9. To establish a claim for negligence, Plaintiff must show that: (a) Defendant's employees or agents failed to exercise due care in the performance of some legal duty owed to Plaintiff; and (b) the breach of that duty was the proximate cause of Plaintiff's injury.Bolkhir v. N.C. State Univ.,321 N.C. 706, 365 S.E.2d 898 (1988).
10. A defendant may show as a matter of law that he is entitled to summary judgment in his favor by showing that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.Little v. Nat'l Servs. Indus., Inc.,79 N.C. App. 688, 340 S.E.2d 510 (1986).
11. Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, a moving party is entitled to summary judgment if there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. Lavelle v. Schultz,120 N.C. App. 857, 859, 463 S.E.2d 567, 569 (1995). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). *Page 4 
12. "While summary judgment is generally not appropriate in negligence cases, it is appropriate in cases in which it appears that the Plaintiff cannot recover even if the facts as alleged by the Plaintiff are true," or the Plaintiff fails to show an element of negligence. Stoltz v. Burton,69 N.C. App. 231, 233, 316 S.E.2d 646, 647 (1984); Lavelle,120 N.C. App. at 859, 463 S.E.2d at 569. Specifically, summary judgment may be granted when there is evidence positively and clearly showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law by: (1) proving that an essential element of the Plaintiff's case is nonexistent; (2) showing through discovery that the Plaintiff cannot produce evidence to support an essential element of his or her claim; or (3) showing that the Plaintiff cannot surmount an affirmative defense which would bar the claim. N.C. Gen. Stat. § 1A-1, Rule 56(c); AmericanNat. Elec. Corp. v. Poythress Commercial Contractors, Inc.,167 N.C. App. 97, 604 S.E.2d 315 (2004).
13. In the case sub judice, the evidence taken in the light most favorable to Plaintiff, fails to establish that Defendant owed any legal duty to Sgt. Plouff or that any action or inaction on the part of any employee of Defendant proximately caused Sgt. Plouff's death. Therefore, Plaintiff has failed to establish an essential element of this claim for negligence.
14. As there are no genuine issues of any material fact and Plaintiff has failed to produce evidence of the essential elements of negligence, Defendant's Motion for Summary Judgment is GRANTED.
15. Each side shall bear its own costs.
This the 28th day of July, 2011. *Page 5 
 S/_______________ STACI T. MEYER COMMISSIONER
CONCURRING:
S/__________________ CHRISTOPHER SCOTT COMMISSIONER
S/_________________ DANNY L. McDONALD COMMISSIONER *Page 1